Baker *vs.* Shepherd, Adm'r, etc.

JOHN W. BAKER, plaintiff in error, *vs.* EDWARD T. SHEP-
HERD, administrator, etc., of JOHN T. WARREN, defendant
in *fi. fa.*, and L. BRYAN, claimant, defendants in error.

1. When a mortgage was executed by two tenants in common, and a
judgment of foreclosure was had thereon against one of them, and a *fi. fa.*
issued upon such judgment, commanding the sheriff to make the
money out of the interest of the defendant in the mortgaged premises,
and the sheriff levied the *fi. fa.* upon the one undivided half of the
mortgaged premises, describing the same by number and district:
*Held,* that the law defines the interest of tenants in common to be
*equal,* in the absence of proof to the contrary, and that the sheriff did
not transcend his authority in levying upon the one-half undivided
interest of the tenant in common; that his interest as specified in the
*fi. fa.* the law declares to be an *equal* interest with his co-tenant, and
that such *fi. fa.* with the levy thereon was admissible in evidence to
the jury on the trial of a claim case.

2. *Held, also,* that when the Court rejected the plaintiff's *fi. fa.*, when
offered in evidence on the trial of a claim case, it was error to
allow a verdict to be taken for the claimant; the Court should have
dismissed the plaintiff's case.

Claim.    Decided by Judge CLARKE.    Stewart County,
April Term, 1867.

John T. Warren and Charles H. Warren, on the 1st Sep-
tember, 1840, mortgaged to John W. Baker land lot forty-
eight in the twenty-second district of Stewart county, and
the South-west corner of lot number sixty, in the same dis-
trict, to secure two promissory notes for $1632.40 and
$268.98 respectively.    John T. Warren died and Shepherd
became his administrator.

At April term, 1848, of the Superior Court of said county,
a rule *nisi* for foreclosing said mortgage was taken against said
administrator.    At October term, 1848, this rule was made
absolute.    Subsequently a *fi. fa.* was issued, commanding
the proper officers, that, "of the goods and chattels, lands
and tenements of *the interest* of John T. Warren, deceased",
in said land, they should make the principal, interest and
costs of the judgment "recovered against Edward T. Shep-
herd, administrator of the estate of said John T. Warren,
deceased, on foreclosure of a mortgage executed by Charles

H. Warren and said John T. Warren, deceased," made and delivered, etc. The *fi. fa.* is otherwise in the usual form.

On the 2d September, 1847, this *fi. fa.* was levied upon "the interest of John T. Warren, deceased, being one-half" of said lands. At April term, 1849, the *fi. fa.* was amended so as to read, that "of the interest of John T. Warren, deceased, in the following lands," etc., and on the 10th April, 1850, the *fi. fa.* was again levied "upon the undivided interest of John T. Warren, deceased, the same being an undivided one-half interest in and to" said lands, and Bryan claimed the lands and issue was joined on this claim at April term, 1850. Again, in April, 1859, the *fi. fa.* and judgment was amended by inserting the words "the undivided one-half" before the words "interest of", etc.

Upon the trial, when the *fi. fa.* was offered in evidence, it was objected to, because it did not show what was the interest of John T. Warren in the mortgaged premises. The Court refused to allow the *fi. fa.* and levies to be read in evidence.

Plaintiff then proved that John T. Warren was in possession of said lands at and after the date of the mortgage, and closed. Claimant introduced no testimony.

The Court directed plaintiff's counsel to proceed with his argument, which he declined, because, as he said, he had no *fi. fa.* in evidence. The Court inquired if he would withdraw the case from the jury, and he said no, and though called on by the Court to make some motion, refused to make any whatever.

Claimant's counsel proposed for the jury to be charged, and that they render a verdict, to which plaintiff objected, on the ground that the evidence of the *fi. fa.* and levy having been excluded, there was no issue for the jury to try.

The Court charged the jury, "If the plaintiff has no *fi. fa.* in evidence before you, it is your duty to find for claimant the property not subject." The jury found the property not subject.

A motion was made to set aside the verdict, because the Court erred in holding that said *fi. fa.* and levy did not sufficiently show what was the interest of said Warren in

the said lands, and that the *fi. fa.* was inoperative; in refusing to allow the *fi. fa.* and levies to be read to the jury; in allowing the jury to pass upon the case under the circumstances; in charging the jury as he did, and because the verdict was contrary to law and to evidence.

This motion was overruled, and plaintiff assigns this ruling as error, on the grounds aforesaid.

B. S. WORRILL, L. T. DOWNING, for plaintiff in error.

J. L. WIMBERLY, E. H. BEAL, represented by the Reporter, for defendant in error.

WARNER, C. J.

There are two errors assigned to the judgment of the Court below in this case. First, in rejecting the mortgage *fi. fa.* when offered in evidence to the jury. Second, in allowing the jury to pass upon the merits of the case after the *fi. fa.* had been rejected, and return a verdict for the claimant.

1. The *fi. fa.* was issued upon the judgment of foreclosure of a mortgage against the administrator of John T. Warren, deceased. It appears from the record, that John Warren, before his death, and Charles H. Warren, as tenants in common, mortgaged the premises described in the mortgage deed to Baker, the plaintiff, to secure the payment of two promissory notes. The judgment of foreclosure was against Shepherd, the administrator of John T. Warren. The *fi. fa.* commanded the sheriff to make money out of the interest of John T. Warren, deceased, in the land described in the mortgage, upon the judgment of foreclosure, against his administrator, to-wit: lot number forty-eight, and the south-west corner of lot number sixty, in the twenty-second district of Stewart county. The sheriff levied the mortgage *fi. fa.* "upon the interest of John T. Warren, deceased, the same being the *undivided one-half interest* in and to the following lands, to-wit: Number forty-eight, in the twenty-second district of Stewart county, and the south-west corner of lot number sixty, in the same district of said

county." The property levied upon by the sheriff was claimed by Bryan. Upon the trial of the claim case in the Court below, the plaintiff proved that John T. Warren was in possession of the mortgaged premises at the time of the execution of the mortgage. When the plaintiff offered the mortgage *fi. fa.* in evidence to the jury, the claimant objected on the ground that the *fi. fa.* did not show what was the interest of John T. Warren in the mortgaged premises. The Court sustained the objection, and ruled out the *fi. fa.*

John T. Warren and Chas. H. Warren jointly mortgaged the land as tenants in common, at least that is the legal presumption in the absence of any evidence to the contrary. By the 2282d section of the Code, tenants in common will be held to have *equal shares* in the property, unless the contrary appears. Shields *vs.* Stark, 14th Ga. Rep., 429. The interest of John T. Warren in the mortgaged premises was the one-half undivided interest therein, so far as the record discloses the facts. The *fi. fa.* commanded the sheriff to levy upon the interest of John T. Warren in the mortgaged premises, and he levied upon the undivided one-half interest therein as his property in the same. The *law defines his interest* as a tenant in common, and the sheriff levied the mortgage *fi. fa.* upon that interest, no more, no less; that interest is certain, which the law declares to be certain. In Whately *vs.* Newsom, 10th Ga. Rep., 77, the sheriff did not describe the interest in the land to be sold: here the interest of the defendant is described in the sheriff's levy explicitly, and although the *fi. fa.* does not describe his interest, yet the law declares what it is, and the sheriff has not transcended his authority in making the levy. This mortgage has been before this Court on a former occasion. In Baker *vs.* Shepherd, *et al.*, (30th Ga. Rep., 706,) this Court held, that "where two give a lien on their separate interest in the same property to a common creditor, the mortgage may be foreclosed separately against each." John T. Warren mortgaged his interest in the land, the mortgage has been foreclosed as to that interest—*the law defines that interest as a tenant in common,* the *fi. fa.* commanded the sheriff to levy upon *that interest,*

and he has done so.    Andrews *vs.* Murphy, 12th Ga. Rep., 431.    In our judgment, the mortgage *fi. fa.* under the state of facts presented in this record, ought to have been admitted in evidence to the jury.

2. It is also our judgment, that when the *fi. fa.* was rejected by the Court, and the plaintiff had no case before it, that the Court should have *dismissed* it, and not have allowed the jury to find a verdict for the *claimant* in the case.

Let the judgment of the Court below be reversed.