R. M. Rose & Company, plaintiffs in error, *vs.* William Gray, defendant in error.

G., a stone and marble cutter, made and delivered to B. & Brother a "marble counter-top," and afterwards B. and Brother sold the same to R. & Company, who, so far as the record shows, purchased it *without notice* of the lien of G., the stone and marble cutter, for his labor and expenses due therefore :    *Held*, that the lien of the stone and marble cutter, under the provisions of the Code, can be enforced for the work done, and materials furnished, as against the parties to whom the "marble counter-top" was sold and delivered, and those claiming under them *with notice* of the lien ; but that the stone and marble cutter's lien cannot be enforced against third persons, who were *bona fide* purchasers of the "marble counter-top" *without notice* of the stone and marble cutter's lien thereon.

*Certiorari.* Stone-cutter's Lien. Decided by Judge Pope. Fulton Superior Court.    May Term, 1869.

On the 2nd of July, 1867, Gray, made and delivered to A. F. Burnett & Brother a marble counter-top, at the agreed price of $84 50.    A. F. Burnett & Brother afterwards paid Gray thereon $51 50.    While the balance was due, A. F. Burnett & Brother sold and delivered it to R. M. Rose & Company, who purchased it without any notice of the lien of Gray, so far as the record shows.    On the 4th of April, 1868, while R. M. Rose & Company were in possession of said counter-top, Gray filed his petition against A. F. Burnett & Brother, before a Justice of the Peace, for a judgment and lien on said counter-top, for said balance ; judgment was rendered in his favor against the counter-top and execution was issued and levied on the same.    R. M. Rose & Company claimed it, and, upon these admitted facts, the parties submitted to the decision of said Justice, whether said Gray's lien was good against the counter-top, each reserving the right of *certiorari.*    The Justice held that Gray, as a stone-cutter, had a lien on said property, good against said R. M. Rose & Company.    *Certiorari* was sued out and Judge Pope sustained the decision of the Justice of the Peace.    This is assigned as error.

MILLEDGE & CLARK, for plaintiffs in error.

J. M. CALHOUN & SONS, for defendant.

WARNER, J.

The lien of a stone and marble cutter, under the 1974th section of the Code, can be enforced for the work done and materials furnished, as against the parties to whom an article in their line of business is sold and delivered, and those claiming under them, with *notice* of the lien; but a stone and marble cutter's lien cannot be enforced against third persons who are *bona fide* purchasers of articles made by them in their line of business, *without notice* of the stone and marble cutter's lien thereon.    There is no evidence, in the record, that Rose & Company, who purchased the "marble counter-top" from Burnett & Brother, had any knowledge of the lien of Gray on it, for the balance of the money due therefor by Burnett & Brother to him.

Let the judgment of the Court below be reversed.