HILLARY B. FRAZER, plaintiff in error, *vs.* GEORGE T. JACKSON, defendant in error.

A *bona fide* purchaser of the absolute title to personal property without notice of any unforeclosed statutory lien upon it takes the same divested of any such lien. Our statutory lien laws *secure priority of judgment* to favored classes of debts *out of certain property of the person who incurred the debts.* When such property passes into the hands of a *bona fide* purchaser without notice and before foreclosure, it is no longer the property of the person incurring the debt, and not having gone into the possession of one affected with notice the lien is lost.

Steamboat lien. *Bona fide* purchaser. Before Judge GIBSON. Richmond Superior Court. January Term, 1872.

Hillary B. Frazer instituted proceedings to enforce a lien on the steamboat Wave for personal services rendered on said boat while in the service of the People's Daily Line, a corporation created under the laws of the State of Georgia. The lien was foreclosed and the execution levied upon said boat, which was claimed by George T. Jackson. Similar proceedings were instituted in favor of David A. Philpot and Oliver I. Seago against the steamboat Clyde, which was also claimed by George T. Jackson. The last two cases, by agreement, were to abide the result of the first.

The cases were submitted to the Court upon the following agreed statement of facts:

"That the People's Daily Line owned the steamboats Clyde and Wave, from their construction until May 18th, 1871, when they sold them to William H. Scott; that William H. Scott sold them to George T. Jackson on May 31st, 1871; that Jackson purchased in good faith without any knowledge of the debts due the plaintiffs, Frazer, Philpot and Seago, which are sought to be enforced against the steamboats; that the lien *fi. fas.* of Philpot and Seago were levied upon the steamboat Clyde on July 22d, 1871; that the lien *fi. fa.* of Hillary B. Frazer was levied on the steamboat Wave on September 27th, 1871."

The Court held that the several judgments having been obtained subsequent to the purchase of said boats, there could be no lien to defeat a *bona fide* purchaser for value, and that said boats were not subject to said execution.

To which decision Hillary B. Frazer excepted and assigns the same as error.

BARNES & CUMMING; H. CLAY FOSTER, for plaintiff in error. 1st. The lien attached from the performance of the service: Code, sections 1968, 1969; Acts of 1869, p. 135; 43 Ga. R., 11; Camp & Kemp *vs.* S. Mayer, assignee, decided July Term, 1872.

FRANK H. MILLER, for defendant. 1. That he can attack the validity of process levied on his property: Phillips *vs.* Hyde, decided March 12, 1872; 37 Ga., 681; 1st, 317; 30th, 450; 6th, 515. 2. That steamboat liens take effect from date of judgment of foreclosure; 30 Ga., 465; 40th, 540. 3. That the fact being admitted that Jackson owned the boats for some time before foreclosure of liens the same must be illegal, because the allegations in the affidavit, of a demand for payment of the president of the People's Daily Line, as owner, is untrue. 4. It is only judgments that have liens on personal property for two years: Code, section 3525. 5. Steamboat liens can in no event last over twelve months, and where the interest of *bona fide* purchasers, with-

out notice, is affected, the record must show by bill of particulars, or otherwise, when the lien is claimed to have commenced : 6 Ga., 159–170; 7th, 56. 6. A sale under steamboat liens conveys good title as against those who owe the debt, and still own the boat: 40 Ga., 180. 7. Steamboat liens are in derogation of common law, and strictly construed : 1 Kelly, 317. 8. A *bona fide* purchaser of a steamboat, for value, without notice of liens, which were not foreclosed until months after the purchase, will be protected: 39 Ga., 352; 40th, 157, 540; 34th, 454; Code, section 3064 ; 39 Ga., 18 ; 41st, 208 ; 32d, 297; 27th, 515. 9. The persons claiming the liens were the captains and mate formerly running the boats. These are maritime liens, and are not such as are provided for by the Constitution of this State, and which a State Court can enforce. 43 N. Y., 554; 4 Wal., 411, 555; 7 Wal., 624–5; 39 N. Y., 19. 10. All liens upon personal property, not granted by the Constitution, other than judgment liens, are void as against *bona fide* purchasers, who received possession of the property at the time of purchase, without notice of the lien.

MONTGOMERY, Judge.

The facts in this case show the defendant in error to be a *bona fide* purchaser of the steamboats on which the lien has been attempted to be foreclosed, and that he became such before any attempt at foreclosure, without notice of the existence of the debts of his vendors now sought to be enforced against his property. The case, both as to fact and principle, seems to be identical with that of *Rose & Company vs. Gray*, 40 *Georgia*, 156, and must be controlled by it.

Judgment affirmed.