CLARK & COLE, plaintiffs in error, *vs.* MILES G. DOBBINS *et al.*, defendants in error.

A warehouseman and factor who, without notice of any lien, makes advances on cotton which was produced on rented land, and stored with him by the tenant, has such a qualified property in, and lien on, the cotton, as to entitle him to reimbursement for such advances and pay for proper charges, before the landlord can enforce his claim for rent against the cotton, and the rights of such factor are also superior to the lien of a merchant who sold commercial fertilizers to the debtor.

Warehousemen. Factors. Landlord and tenant. Lien. Before Judge HALL. Spalding Superior Court. February Term, 1874.

Clark & Cole *vs.* Dobbins *et al.*

This case was submitted to the presiding judge without the intervention of a jury. The facts were briefly as follows:

In the year 1872, George W. Grant rented from Dobbins a farm near Griffin, for which he was to pay five bales of cotton, averaging five hundred pounds, rent. In the fall of that year Grant stored with Clark & Cole, warehousemen, in his own name, ten bales of cotton, which had been produced on the place rented from Dobbins. He sold two bales which were accordingly delivered to the purchaser. On the remaining eight bales, Clark & Cole advanced from time to time, $290 00, indorsing the amounts on the receipts, and taking up the same. This action was in accordance with the custom prevailing between warehousemen and planters. Dobbins, having received no rent, demanded of Clark & Cole his five bales. The latter delivered to him receipts for the five bales with the advances indorsed thereon. According to the testimony of Dobbins he did not notice the indorsements until he attempted to sell the cotton. He immediately demanded from Clark & Cole the cotton. They offered to deliver the same to him upon the payment of the amount of the advances with interest. This he declined, and forthwith sued out his distress warrant. According to the testimony of Cole, more than one month previous to this demand, Dobbins had ascertained the weights of the bales and the advances which had been made, making no objection to the latter. The receipts contained the stipulation that the cotton was subject to the order of the holder of the same upon the payment of expenses and all advances. At the time the cotton was stored and when the advances were made, Clark & Cole had no notice of the claim of Dobbins for rent, or of the claim of L. R. Brewer & Son for guano furnished.

L. R. Brewer & Son claim that in the spring of 1872, they furnished Grant with guano and took a lien on his crop; that in the fall of that year they notified Clark & Cole that they held such lien to which his cotton was subject, but are unable to state whether such notice was given prior or subject to

the advances; that at the time-they took such lien they had no notice of the claim of Dobbins for rent.

The eight bales of cotton were sold and the proceeds held up for distribution, there not being sufficient to satisfy all the claims.

The court ordered that the charges of the warehousemen for expenses be first paid, then Dobbins, then Brewer & Son, and lastly the advances of Clark & Cole. To which ruling the latter excepted.

L. T. DOYAL; PEEPLES & HOWELL; BECK & BEEKS, for plaintiffs in error.

SPEER & STEWART; BOYNTON & DISMUKE, for defendants.

TRIPPE, Judge.

When plaintiffs in error, as warehousemen and factors, received the cotton from Grant and made the advances on it, they had no notice of the claim of the landlord for rent, or of Brewer & Company, merchants, for fertilizers. The question is, did the two last creditors have a lien on the cotton which was superior to the right or claim of the factors. The court below held that they did, and the exception is to that decision.

Let it be noted that the claim of plaintiffs in error is not that of factors who have furnished provisions or fertilizers, but for advances made on cotton deposited with them. They are the bailees of the property on which the advance was made. In such a case the right of the factor is that of a purchaser to the extent of the advances made, and he has a special property in the thing or article on which he has advanced his money: Story on Bailment, sec. 93, (*g*.); Story on Agency, secs. 34, 111, 112, 134. He has also a right which he can assert, if his principal be dead, against the specialty creditors: Montague on Lien, 62; Russell on Factors and Brokers, 195. And in England it is available against a debt due the Crown: The King *vs.* Lee, 6 Price, 369, (2 E. Ex. R.) Section 1976

of the Code recognizes in terms the lien given by the common law to factors, and they have special powers as to the sale and disposition of property consigned to them which do not attach to either the liens of landlords or of merchants supplying provisions or fertilizers : Code, sec. 2085.

This court has held, in *Rose & Company vs. Gray*, 40 *Georgia*, 156, and in *Frazer vs. Jackson*, 46 *Georgia*, 621, that a *bona fide* purchaser of property took it discharged of the unforeclosed statutory lien against a steamboat, or of the lien of a stone and marble cutter. Why should he not so take it divested of the lien of the landlord or the merchant, which was not foreclosed, and of which he had no notice?

We think there was error in the decision giving priority to the liens of the landlord and merchant over the right of the factors who made the advances in this case. See, also, *Wilson & Company vs. Walker*, 46 *Georgia*, 319.

Judgment reversed.