Beall *vs.* Butler.

---

GEORGE C. BEALL, trustee, plaintiff in error, *vs.* ZED BUT-
LER, defendant in error.

1. The lien of a laborer on the property of his employer will not prevail against a purchaser who buys before foreclosure of the lien, and without notice.

2. Where the verdict is such as it ought to have been under the evidence, this court will not set it aside, although the judge who tried the case may have committed error in his charge to the jury.

Laborer's lien.   Vendor and purchaser.   New trial.   Be-
fore Judge BARTLETT.   Baldwin Superior Court.   August
Term, 1874.

Zed Butler sued out a laborer's lien, against George C. Beall, and had it levied upon certain property as belonging to the defendant.   A claim thereto was interposed by George C. Beall, as trustee for his wife.

Upon the trial the court charged the jury that if the property levied on belonged to the defendant at the completion of the plaintiff's contract as laborer, then it was subject to the plaintiff's *fi. fa.*, even though the defendant sold it before the foreclosure of the plaintiff's lien to a *bona fide* purchaser for full value, without notice of said lien.

The jury found the property subject.   A motion was made for a new trial and overruled.   To this claimant excepted.

The evidence of fraud in the conveyance of the property in controversy by the defendant was so strong as to have required the verdict, even though the court had instructed the jury to the contrary of his charge as above set forth.

CRAWFORD & WILLIAMSON, for plaintiff in error.

WILLIAM MCKINLEY ; F. C. FURMAN, for defendant.

TRIPPE, Judge.

1. The court charged the jury that if the property belonged to the defendant at the completion of the· plaintiff's contract as a laborer, then it was subject to the plaintiff's *fi. fa.*, even though the defendant sold it before the foreclosure of the plaintiff's lien, to a *bona fide* purchaser for full value, without notice of said lien. In *Rose & Company vs. Gray*, 40 *Georgia*, 156, and in *Frazer vs. Jackson*, 46 *Ibid.*, 621, it was held that the *bona fide* purchaser of the absolute title of property without notice of an unforeclosed statutory lien, takes it divested of such lien. So in *Clark & Cole vs. Dobbins et al.*, 52 *Georgia*, 656, it was ruled that a warehouseman and factor who, without notice of any lien, makes advances on cotton stored with him, can claim reimbursement out of it against the lien of a landlord on whose land the cotton was made, or against the lien of a merchant who sold commercial fertilizers to the debtor. We think the same principle applies to the case of a laborer's lien. The argument to the contrary is that the lien of a laborer is given by the constitution, whilst in the other cases it is the creature of a statute. Grant that, and the consequence claimed by no means results. The lien created by a statute, when once given, is as complete and perfect and as high in dignity or priority as if it was granted by the constitution. One may be repealed, or the law modified by a speedier process than the other; but whilst it exists, after the right accrues by statute, it is as strongly founded as it would be were it granted by the first provision of the organic law. So we think that on this point the court was in error, and the same ruling as to notice to a purchaser applies to a laborer's lien, that governs in the case of a marble cutter, or steamboats, or landlords, factors and merchants.

2. But as the verdict was what it ought to have been, under the evidence, we will not set it aside because of this error of the court. It is impossible to read the evidence and not feel bound to determine that this laborer is entitled to have his

pay out of this property, if it be necessary for it to be sold to secure his money.

Let the judgment be affirmed.