THORNTON, for use, *vs.* CARVER *et al.*

A *bona fide* purchaser, without notice, of a crop grown on rented premises will be protected against the lien, general or special, of the landlord for rent.

(a) The legislature has provided a remedy for the landlord, by making it a misdemeanor for a tenant to sell property on which there is a lien for rent; the punishment prescribed being a fine of double the debt which the lien was given to secure, one-half of the fine being given to the landlord, thus paying his debt.

July 11, 1888.

Landlord and tenant. Liens. *Bona fide* purchaser. Before Judge JOHN T. CLARKE. Terrell superior court. May term, 1887.

Reported in the decision.

Hoyl & Parks, for plaintiff in error.

Simmons & Guerry, *contra.*

Simmons, Justice.

It appears from the record in this case that J. W. McLendon, executor, etc. had rented a farm in the county of Webster to one J. W. Foreman, of that county, for the year 1882; and that Foreman took two of the bales of cotton grown on the farm to the town of Dawson, in Terrell county, and sold them to A. J. Carver. Shortly after Carver purchased the cotton, McLendon sued out a distress warrant, claiming a special landlord's lien, and had it levied upon the cotton. Carver filed a claim to the cotton, and gave bond and security for its forthcoming; which claim was returned by the sheriff, with the distress warrant, to the superior court of Terrell county. When the case was called in that court, it was, on motion, ordered to be withdrawn, and was returned to the superior court of Webster county, where Foreman, the tenant, resided. The claim was finally dismissed by the judge of the superior court of Webster county, for want of prosecution. Carver in the meantime had disposed of the cotton. McLendon commenced his suit against Carver and his security on the forcoming bond. On the trial of the case, under the charge of the court, the jury returned a verdict in favor of Carver. A motion for a new trial was made, and was overruled, and the plaintiff excepted.

The only ground taken in the motion for a new trial which it is necessary for us to notice, is the 4th, which is as follows: " Because the court erred in charging the jury as follows: that if they believed from the evidence that Carver bought the cotton in good faith before the levy, their verdict should be for the defendant." So the question for us to determine is, whether the special lien of the

landlord is good against the *bona fide* purchaser,—whether the landlord's special lien shall take this cotton from Carver, who was an innocent purchaser without notice. The court below held that it could not. Counsel for the plaintiff in error contend that the court erred in so holding. They insist that under section 1977 of the code, the special lien given therein to landlords is superior not only to all other liens except liens for taxes, but superior to the title to the property acquired by an innocent purchaser. We do not agree with them in this contention. *Bona fide* purchasers are the favorites of the law. The law allows them to attack the judgments of courts. Code, §3596. It protects them against trustees and *cestuis que trust* where trust property is bought without notice. Code, §2329. It protects them even where they hold under a fraudulent conveyance, when they have purchased for a valuable consideration and without notice or reasonable grounds for suspicion. Code, §1952. A title obtained by fraud, though voidable in the vendee, will be protected in a *bona fide* purchaser without notice. Code, §2640. It protects *bona fide* purchasers against voluntary conveyances, where they have purchased for value and without notice, subsequent to the conveyance. Code, §2632. It protects them against judgments, where they have been in possession of property for the time prescribed by law, without actual notice of the judgment; and it protects them against marriage settlements. So it seems that the law has thrown around them every possible protection. Then why are they not protected against a secrect lien—a lien that exists in the breast of the landlord only? The statute simply makes this lien superior to other liens; but it does not operate upon the title; it does not say that this lien is superior to the title acquired by a *bona fide* purchaser. It is argued that it has always been the policy of the law to protect landlords; but it may be replied that the policy of the law, as we have shown, has always been to protect innocent purchasers also. Landlords generally are on or near the rented prem-

ises, and have better opportunities to look after their rights and interests than purchasers would ordinarily have if the latter were charged with notice of secret liens upon the property purchased. Cotton is almost like bank bills, promissory notes or bonds, passing by delivery, in the due course of trade, through different hands. Under the custom prevailing in this State, the purchaser in most cases does not seee the owner of the cotton. It is shipped from a distance over the railroads from the owner to the warehouseman, and the purchaser deals exclusively with the latter. Generally it would be impracticable, or almost impossible, for the purchaser to ascertain whether the cotton was grown upon rented premises, or whether it is subject to liens of this character or not.

While there has been no direct decision upon this point by this court, we think the question has been decided in several cases as to other liens. In the case of *Rose & Co. vs. Gray*, 40 *Ga.* 156, the facts show that Gray made and delivered to Burnett & Brother a marble counter-top. Burnett & Brother sold and delivered it to Rose & Co., who purchased it without notice of the lien of Gray. Gray foreclosed his lien upon the counter-top; and this court held that the lien of the marble cutter could not be enforced against third persons who were *bona fide* purchasers without notice. In the case of *Frazer vs. Jackson*, 46 *Ga.* 621, this court held that a *bona fide* purchaser of the absolute title to personal property without notice of any unforeclosed statutory lien upon it, takes the same divested of any such lien; and the case of *Rose & Co. vs. Gray, supra,* is cited in support of the decision.

In the case of *Clark & Cole vs. Dobbins*, 52 *Ga.* 656, Clark & Cole, who were warehousemen, had made certain advances, on account, to the tenant of Dobbins. Dobbins sued out a distress warrant against the tenant, and levied it on five bales of cotton in the possession of Clark & Cole. Brewer & Son also foreclosed a merchant's lien which the

Thornton, for use, *vs.* Carver *et al.*

tenant had given them for fertilizers, and had it levied upon the cotton. Dobbins claimed that his landlord's lien was of higher dignity than the claim of Clark & Cole, the warehousemen, because the cotton was raised upon his premises. Brewer & Son insisted that their lien also took precedence of the claim of Clark & Cole. This case arose in 1872, the rent contract between Dobbins and his tenant being made in that year, and at that time the landlord's lien was of the highest dignity upon the crops raised upon his premises. The court, however, held that the warehousemen's lien was good against the landlord's lien, and analogized the warehousemen to a *bona fide* purchaser, citing the cases above referred to. They say, " Why should not the warehousemen take it (the cotton) divested of the lien of the landlord or the merchant, which was not foreclosed and of which he had no notice ?"

In the case of *Beall vs. Butler*, 54 *Ga.* 43, it was held that the lien of a laborer on the property of his employer will not prevail against a purchaser who buys before foreclosure of the lien and without notice; the court citing the cases above referred to, in 40, 46 and 52 *Ga.*, the principle of which they say applies to the case of a laborer's lien.

We have examined the decisions of other courts, and find that the weight of authority is in consonance with the view we take of this case. Besides all this, the legislature has provided a remedy for the landlord in cases like this, by making it a misdemeanor for a tenant to sell property on which there is a lien for rent, the punishment prescribed being a fine in double the sum or debt which the lien was given to secure, one-half of said fine being given to the landlord, thus paying his debt. Code, §§4600, 4600(a), 4601.

We therefore affirm the judgment of the court below, holding that a *bona fide* purchaser without notice will be protected against the lien, general or special,of the landlord.

Judgment affirmed.