FORBES *v.* CHISHOLM & COMPANY.

The *bona fide* purchase of personal property in payment of an antecedent debt before the property was seized under a laborer's general lien, will prevail over such lien, no notice of the lien being brought home to the purchaser, although the written conveyance contemplated by the parties at the time of the purchase was not executed until after the levy.

March 12, 1890.

Claim.  Lien.  Notice.  *Bona fides.*  Before Judge ATKINSON.  Pierce superior court.  March term, 1889.

On October 23d, 1888, Forbes foreclosed a general laborer's lien on two mules and a mare, as the property

84-41

of Goodwin his former employer. The contract of labor upon which his affidavit was based, was alleged to have been made on January 1st, 1888, and to have terminated, after being fully completed, on October 22d, 1888. Execution issued and was levied, on October 24th, 1888, upon the animals mentioned in the affidavit, which were found in the possession of Goodwin, and they were claimed by Chisholm & Co. On the trial of the claim case, the plaintiff introduced the affidavit, execution and entry of levy thereon.

For the claimants J. E. McConnel testified that he came into Pierce county on October 25th, 1888, as the agent of claimants, and took charge of their property; found the property in controversy in possession of the sheriff; and shortly afterwards, witnessed the deed from defendant to claimants and saw defendant's wife sign it. Over the objection of plaintiff, the deed was admitted in evidence. It was dated October 22d, 1888, and recorded November 2d, 1888. It recited an indebtedness to claimants by Goodwin of $4,000 or other large sum, and that Goodwin had theretofore executed to claimants a mortgage to secure the debt, and by reason of failing health and other embarrassments had been unable to meet the payments stipulated in the mortgage. In consideration of the mortgage debt and in liquidation thereof, he conveyed to claimants his turpentine business in Pierce county, and all of his mules and horses on said premises, as well as every other property of said business. One of the claimants testified that Goodwin sold to his firm the property in dispute on October 22d, 1888, the trade being completed on that day; that he was to cancel all the indebtedness of Goodwin to the firm in payment of the property mentioned in the deed; that they intended at the time to reduce this trade to writing, and the deed signed November 2d was the closing up of the trade; that he had not de-

livered said evidence of debt; that he left the property in dispute in possession of defendant, who was to hold it for claimants; that defendant was sick on the day of the trade, and could not come to execute the deed until some time after the property had been sold; that the property in dispute was a part of the property sold to claimants on October 22d, 1888; and that within a few days after the trade, witness sent McConnel to take charge of the property.

The jury found the property not subject. The plaintiff moved for a new trial on the grounds that the verdict was contrary to law and evidence, and because of error in allowing, over the objection of the plaintiff, the introduction in evidence of the deed from defendant to claimants, the deed not having been probated, and the witness who attested it testifying that it was not signed on the day and date therein set forth but some time thereafter; and of error in allowing the claimants to prove by parol, over the objection of plaintiff, what the terms of the purchase from defendant by claimants were, and also the date of the purchase, it being in evidence that the contract and the deed covered the same transaction. The motion was overruled, and the plaintiff excepted.

A. B. ESTES, JR., by HARRISON & PEEPLES, for plaintiff.
JOHN C. McDONALD, by brief, contra.

BLECKLEY, Chief Justice.

The evidence was direct and positive that the purchase of this property was made before the levy, although the writing evidencing title was not executed until aftewards. The property in controversy being personalty, no writing was necessary to pass the title. Whether the purchase was bona fide or not was decided by the jury, and we see no reason to be dissatisfied with their finding upon that question. The grounds on which

evidence was objected to are not stated, and for this reason we do not undertake to rule whether the evidence was properly admitted or not. We, however, see no decisive reason against its admissibilty. It would seem to come in properly as a part of the history of the transaction. The court did not err in refusing to grant a new trial.                    *Judgment affirmed.*