### 2031, 2081. RAY v. SCHMIDT & Co

HILL, C. J. 1. The lien given under the Civil Code, § 2809, to persons who furnish saw-mills with "timber and logs" applies to such timber and logs as have been severed from the soil by human agency. It is not intended by this section to give a lien to the vendor of standing trees, though sold to be severed from the realty by the purchaser and converted into timber or logs for his mill. *Balkcom* v. *Empire Lumber Co.*, 91 *Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58); *Giles* v. *Gano*, 102 *Ga.* 593 (27 S. E. 730); *Loud* v. *Pritchett*, 104 *Ga.* 652 (30 S. E. 870).

2. Where the vendor of standing trees has foreclosed a lien for the purchase-price, and has had the execution levied upon timber and logs made from the trees by the vendee, and the timber and logs are claimed by a third person who bought them from the vendee before the date of the lien foreclosure, and without notice of the claim of lien, on the trial of the claim case the possession of a lien by the plaintiff is open to attack by the claimant. *Wright* v. *Brown*, post, 389 (66 S. E. 1034).

3. Where the vendee of standing trees had converted them into timber and logs and sold the timber and logs for an agreed price, fully paid, and the timber and logs had been inspected, measured, marked, and branded by both seller and purchaser, the contract of sale was complete and title passed to the purchaser; and this would be true although the actual delivery of the timber and logs was to be made by the seller to the purchaser without compensation, some distance from the place of sale. The measuring, marking, and branding of the property sold, as the property of the purchaser, amounted to constructive delivery. The timber and logs, while in the possession of the seller or while in transit to the purchaser, were not subject to an execution issued on the foreclosure of a lien asserted several months subsequent to the sale, of which the purchaser, before or at the time of the sale, had no notice. Civil Code, §§ 3526, 3545; *Shepard* v. *King*, 96 *Ga.* 81 (23 S. E. 113); *Allen* v. *Hollis*, 31 *Ga.* 146; *Forbes* v. *Chisholm*, 84 *Ga.* 641 (11 S. E. 554).

4. "Stumpage" is a term used to express the price paid or to be paid by the purchaser for standing trees to be severed from the soil and converted into timber or logs by the purchaser. 7 Words and Phrases Judicially Defined, 6703. Therefore, notice of a claim for "stumpage" is not notice of a claim of lien.

5. The evidence demanded the verdict directed by the court, and the assignments of error, except as ruled in the foregoing headnotes, are wholly immaterial.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed.*

Levy and claim; from city court of Sandersville—Judge Jordan. July 2, 1909.

Argued November 17, 1909.—Decided February 10, 1910.

*M. L. Gross, J. J. Harris, Evans & Evans,* for plaintiff.

*Hardwick, Wright & Hyman,* contra.