## 4838. DAVIS *v.* COX.

1. The lien provided for by section 3358 of the Civil Code (1910) applies to timber or logs that have been severed from the soil, and does not apply to standing trees, although sold to the purchaser to be severed from the soil and converted into lumber for his sawmill.
2. A claimant has the right to show that an execution levied on the property claimed by him is void or inoperative, and where an execution has been issued under foreclosure of a lien under the Civil Code (1910), § 3358, and a counter-affidavit has been filed and a claim interposed to the levy, the claimant is entitled to attack the validity of the lien claimed, although the defendant may have withdrawn his counter-affidavit before the trial of the claim case.

DECIDED SEPTEMBER 9, 1913. REHEARING DENIED OCTOBER 3, 1913.

Appeal; from Whitfield superior court—Judge Fite.    February 24, 1913.

Cox foreclosed in a justice's court a lien for timber furnished to one Hughey for his sawmill, under the provisions of the Civil Code (1910), § 3358.    Davis filed a claim, and from a judgment finding the property subject the claimant appealed to the superior court, where the case was submitted to the presiding judge without the intervention of a jury, and the judge rendered a judgment finding the property subject.    Error is assigned on this judgment.    A statement of the evidence on the trial is as follows:    Cox, the plaintiff, testified that he sold to Hughey, the defendant, the timber from which the lumber levied on was sawn.    It was standing timber when he sold it to him, and the purchaser was to cut and saw the timber into lumber.    The timber was sold standing for $200, and $100 was paid in cash, the foreclosure being for the other $100. "It was agreed between myself and Hughey that the title to the timber should not pass until it was cut."    Davis, the claimant, testified that he had no notice as to the trade between the plaintiff and Hughey; that he bought the lumber from Hughey and paid him for it before Cox had filed or foreclosed his lien; that he bought it in good faith; that he knew that Cox had sold Hughey the timber from which this lumber was sawn, for he gave Hughey the money to pay Cox; that he advanced the money while Hughey was sawing the lumber; that when he advanced the money the lumber was sawn and stacked on Cox's land.

*W. E. Mann,* for plaintiff in error.

*M. C. Tarver,* contra.

HILL, C. J.    (After stating the foregoing facts.)    It has been repeatedly held by this court and the Supreme Court that the lien given under section 3358 of the Civil Code (1910) applies to logs and timber severed from the soil; that it is not intended to give a lien to a vendor of standing trees, though sold to be severed from the realty by the purchaser and converted into timber for his sawmill.    *Ray* v. *Schmidt,* 7 *Ga. App.* 380 (66 S. E. 1035); *Giles* v. *Gano,* 102 *Ga.* 593 (27 S. E. 730); *Loud* v. *Pritchett,* 104 *Ga.* 652 (30 S. E. 870); *Balkcom* v. *Empire Lumber Co.,* 91 *Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58).    In the *Ray* case, supra, it was held by this court that where the vendor of standing trees has foreclosed a lien for the purchase-price and

has had execution levied upon timber and logs made from the trees by the vendee, and the timber and logs are claimed by a third person, who bought them from the vendee before the date of the lien foreclosure, and without notice of the claim of lien, on the trial of the claim case the possession of a lien by the plaintiff is open to attack by the claimant. *Wright* v. *Brown, 7 Ga. App.* 389 (66 S. E. 1034); *Osborne* v. *Rice,* 107 *Ga.* 281 (33 S. E. 54). In the present case it is insisted that since the defendant had withdrawn his counter-affidavit made to the foreclosure of Cox's lien, the claimant could not attack the validity of the lien. Under the authority of these decisions we think that this contention is not sound, and that the claimant can show that the lien claimed by the plaintiff is for any reason invalid. It is insisted, however, that these decisions are not applicable in this case because the title to the timber did not pass until after it had been severed from the soil by the purchaser. This contention is based upon the testimony of Cox that "it was agreed between myself and Hughey that the title to the timber should not pass until it was cut." This contention seems to be answered by the decision of the Supreme Court in *Loud* v. *Pritchett,* 104 *Ga.* 652 (30 S. E. 870). The sale of the timber was complete, because, under the facts, the title to the timber passed into the purchaser immediately upon the conclusion of the contract, since there was nothing else for the vendor to do, and the sale was made of standing timber. A mere verbal agreement between the seller and the purchaser that the title to the timber should not pass until it was cut would not change the rule of law in this respect, and such a reservation of title could not affect the rights of subsequent parties who bought the lumber which had been cut from the timber while in the possession of the purchaser, without any notice of the seller's lien or of this verbal condition attached to the sale.

*Judgment reversed.*