## 6643. FARMERS & MERCHANTS BANK v. REDDEN.

WADE, J. "Liens of laborers shall arise upon the completion of their contract of labor, but shall not exist against bona fide purchasers without notice, until the same are reduced to execution and levied by an officer." Civil Code, § 3339. A bona fide purchase of personalty in

payment of an antecedent debt, before the property was seized under the levy of a laborer's general lien, will prevail over such lien, where the purchaser had no notice of the existence of the lien. *Forbes* v. *Chisholm*, 84 *Ga.* 641 (11 S. E. 554); *Thornton* v. *Carver*, 80 *Ga.* 397, 401 . (6 S. E. 915); *Beall* v. *Butler*, 54 *Ga.* 43; *Rose* v. *Gray*, 40 *Ga.* 156; *Frazer* v. *Jackson*, 46 *Ga.* 621; *Langston* v. *Anderson*, 69 *Ga.* 65.

(*a*) The plaintiff foreclosed his general lien as a laborer. There was undisputed evidence showing that all of the property levied upon under the lien execution had been sold and conveyed by the defendant in fi. fa. to the claimant several months before the foreclosure of the lien, in satisfaction of an antecedent debt, and that the instrument conveying title thereto had been placed on record promptly by the claimant; and there was testimony showing that at the time of the levy the claimant had actual possession of all the property, except possibly certain corn and fodder, which were simply left in the barn of the defendant in fi. fa. for convenience and had been removed therefrom by the claimant as needed, so that only a small part of the same remained therein at the time of the levy. There was no evidence tending to show that the claimant had any knowledge or notice of the existence of the unforeclosed lien at the time the property was purchased, or even that the labor had been performed and any debt therefor incurred before the purchase, or to indicate that the transaction was not free from fraud, and bona fide and for value.

(*b*) The mere fact that one is seen laboring for another is not sufficient of itself to subject all or any of the property of the employer to the general lien of a laborer, as against a bona fide purchaser for value, who is actually without knowledge at the time of the purchase that the employer is indebted in any amount to the laborer. Any other rule would make it unsafe to purchase personal property from any person known by the purchaser to have laborers in his service at the time.

(*c*) The verdict finding the property subject to the levy was contrary to the evidence, and the trial judge therefore erred in refusing the grant of a new trial.　　　　　　　　　　　　　　　　*Judgment reversed.*

DECIDED JANUARY 11, 1916.

Levy and claim; from city court of Thomasville—Judge W. H. Hammond. May 1, 1915.

*Roscoe Luke,* for plaintiff in error.

*Fondren Mitchell,* contra.