11816. ELROD v. CHAMBLEE.
</div>

JENKINS, P. J. 1. This was a proceeding under a distress warrant. The landlord claimed that the amount due under the rent contract was 1,000 pounds of lint cotton, and that its value was 32½ cents a pound at the time it became due. The tenant claimed that the agreed rental was $225 in money. The tenant testified that he tendered the $225 in cash to the landlord before the issuance of the distress warrant. The landlord, while admitting the tender, testified that he did not remember whether it was made just before or just after the issuance of the distress warrant. The jury found for the landlord a sum in accordance with his contention as to the terms of the contract. The defendant excepted to a portion of the charge of the court, which was to the effect that, if the jury should find in accordance with the defendant's contention as to the amount of rent due, and that prior to the institution of the distress warrant he had tendered that amount, he would not be liable for the costs. *Held:*

While a charge should be relevant and so adjusted to the pleadings and the evidence as not to interject any principle or theory not thus authorized (*McConnell* v. *Slappey*, 134 *Ga.* 95(7), 67 S. E. 440; *Peagler* v. *Davis*, 143 *Ga.* 11(6), 84 S. E. 59, Ann. Cas. 1917 A, 232; *Atlantic Coast Line R. Co.* v. *Arant*, 143 *Ga.* 561, 85 S. E. 709; *Ga. Cotton Oil Co.* v. *Jackson*, 112 *Ga.* 620, 37 S. E. 873), the determination of any issuable question of fact lies within the province of the jury. Where the evidence on such a question is undisputed, the judge may, but is not required to, state or assume that such fact has been proved. *New Ware Furniture Co.* v. *Reynolds*, 16 *Ga. App.* 19 (1, a) (84 S. E. 491); *Jones* v. *Wall*, 22 *Ga. App.* 513(2) (96 S. E. 344); *Ga. Fla. & Ala. Ry. Co.* v. *Jernigan*, 128 *Ga.* 501(1) (57 S. E. 791). Further-

more, the charge complained of could not in any possible event be accounted as reversible error, since the verdict, in accordance with the plaintiff's contention as to the amount of rent due under the contract, rendered entirely immaterial the charge governing the costs of the case under the defendant's tender of the lesser amount.

2. The verdict was warranted by the evidence, there being positive testimony by the plaintiff both as to the amount of cotton due under the contract as rental and the market value thereof when the rent became due.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 14, 1921.

Distraint; from DeKalb superior court — Judge Hutcheson. July 26, 1920.

*A. M. Brand,* for plaintiff in error. *L. J. Steele,* contra.