## 34942. WALRAVEN *v.* DeFOOR.

CARLISLE, J. On July 18, 1953, Mrs. F. B. Walraven made an affidavit of foreclosure of her alleged lien, under the provisions of Code § 67-2206, on certain sawmill equipment of N. K. Falls and James Moore, and the property was levied on in the possession of H. D. DeFoor, who interposed his claim thereto. It is alleged in the affidavit of foreclosure that Mrs. Walraven furnished certain saw timber to Falls and Moore during 1953, for which they agreed to pay her $600, but that they have paid only $160 on the obligation, which became due on February 1, 1953, leaving a balance due of $440. It appears from the bill of exceptions that upon the trial of the case before a jury, Mrs. Walraven testified as follows. "(Direct examination): On January 1, 1953, the defendants, Falls and Moore, came to her home and wanted to buy her timber; that finally they agreed on the purchase price of such timber, the sum of $600; that shortly thereafter, the defendants moved their sawmill on her land and commenced sawing the timber. (Cross-examination): She testified that she sold the standing timber on her land for a lump sum on the stump. (Redirect examination): Plaintiff in fi. fa. (Mrs. Walraven) further testified that she was not able to cut the trees and the defendants agreed to do so; that the trees were hers. She further testified that the defendants paid her the sum of $160 on the purchase price of said timber, to which said evidence, the claimant objected upon the ground that the same was immaterial, irrelevant, and not germane to any issue involved in this case, which said objection was sustained by the court. The court then asked plaintiff in fi. fa. if she sold the standing timber for a lump sum of $600 and she answered that she did." Thereupon claimant's oral motion to dismiss the levy was sustained on the ground that the evidence showed that Mrs. Walraven had sold the standing timber for a lump sum on the stump, and therefore she had no lien against the sawmill. Error is assigned upon the dismissal of the levy and the exclusion of the evidence indicated above.

1. "The lien given under the Civil Code, § 2809 [Code § 67-2206], to persons who furnish sawmills with 'timber and logs' applies to such timber and logs as have been severed from the soil by human agency. It is not intended by this section to give a lien to the vendor of standing trees, though sold to be severed from the realty by the purchaser and converted into timber or logs for his mill. *Balkcom* v. *Empire Lumber Co.,* 91 *Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58); *Giles* v. *Gano,* 102 *Ga.* 593 (27 S. E. 730); *Loud* v. *Pritchett,* 104 *Ga.* 652 (30 S. E. 870)." *Ray* v. *Schmidt & Co.,* 7 *Ga. App.* 380 (66 S. E. 1035). Under the foregoing authorities and the evidence, the plaintiff in fi. fa. (Mrs. Walraven) had no lien on the sawmill.

480

2. "On the trial of the claim case the possession of a lien by the plaintiff is open to attack by the claimant. *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034); *Osborne* v. *Rice,* 107 *Ga.* 281 (33 S. E. 54)." *Davis* v. *Cox,* 13 *Ga. App.* 509, 511 (79 S. E. 383).

3. The plaintiff in fi. fa. having shown by her own evidence that she had no lien on the property levied upon, the trial court did not err in sustaining the claimant's motion to dismiss the levy. *Solomon* v. *Newell,* 67 *Ga.* 572; *Baker* v. *Shepherd,* 37 *Ga.* 12; *Funkhouser* v. *Male,* 110 *Ga.* 766 (36 S. E. 57).

4. The assignment of error upon the exclusion of evidence as to the part payment of the purchase price is not considered in view of the effect of the rulings made above.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 12, 1954.

*Harbin M. King,* for plaintiff in error.
*T. L. Shanahan, J. A. Gregory,* contra.