35769. NIMMONS *et al.* v. BALLENTINE MOTORS OF GEORGIA, INC.

DECIDED JULY 15, 1955—REHEARING DENIED JULY 27, 1955.

*Woodruff, Swift & Stephens,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.

NICHOLS, J. Where a seller gives to a purchaser unqualified delivery of personal property, taking for payment a check that is

worthless, no title passes as between the seller and the purchaser. However, where the purchaser sells the personal property to a third party who is a bona fide purchaser for value, the original seller is estopped from asserting his title as against the bona fide purchaser. *Blount* v. *Bainbridge*, 79 *Ga. App.* 99 (53 S. E. 2d 122). Therefore, here the only question is, was there any evidence on which the jury could have found that the defendant was not a bona fide purchaser for value? It is undisputed that both the plaintiffs and the defendant were holding bad checks given them by Archibald. The defendant contacted Archibald in Columbus, Georgia, where it took a bill of sale from Archibald covering the automobile in question to protect itself to the extent of the value of the automobile as against the bad checks it held from Archibald, and then left the automobile in the possession of Archibald until the next day or the following morning in the hope that Archibald could raise the money to redeem all of his bad checks being held by the defendant. The defendant contends that, since the plaintiffs did not sell the automobile in question under a title-retention contract or a conditional-sale contract, the plaintiffs were estopped from claiming the automobile from the defendant. It is apparent that the defendant knew that Archibald had been issuing bad checks when purchasing automobiles, since it was the holder of over $16,000 worth within the month preceding the present transaction, and in addition thereto the bill of sale obtained by the defendant from Archibald had written thereon, " . . . [?] title good on outstanding checks." The plaintiffs and the defendant differ as to whether the first word in the above quotation from the bill of sale was "Car" or "Our", but, regardless of which it was, or if it was some other word, in view of all the evidence adduced, it presented a question for the jury as to whether the defendant had sufficient notice to the extent provided by Code § 37-116, for the notation on the bill of sale stated in effect that there was a check or checks outstanding for the purchase price of the automobile. Accordingly, the trial court erred in directing a verdict for the defendant.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*