## 36098. BALLENTINE MOTORS OF GEORGIA, INC., *v.* NIMMONS *et al.*

Decided April 5, 1956.

Frank Love, Jr., Powell, Goldstein, Frazer & Murphy, for plaintiff in error.

H. A. Stephens, Jr., Woodruff, Swift & Stephens, contra.

QUILLIAN, J. 1. When this case was previously before this court (*Nimmons* v. *Ballentine Motors of Georgia, Inc.*, 92 *Ga. App.* 566, 88 S. E. 2d 748), it was held that there was sufficient evidence to present a question for the jury as to whether the defendant had such notice of the defect in Archibald's title to the automobile as constitutes notice under Code § 37-116, for the notation on the bill of sale stated in effect that there was a check or checks outstanding for the purchase price of the automobile. In the record of the case at bar, there is no substantial difference in the evidence from that adduced upon the former trial, and accordingly that ruling has become the law of the case. The general grounds are without merit.

2. Special ground 1 of the amended motion assigns error upon the trial judge's failure to charge the following: "Forbearance to bring suit on a legal claim is sufficient consideration to support a contract." Counsel for the defendant contends that there were two considerations for the bill of sale to the automobile, one being the crediting of a past-due account, due the defendant from Archibald, and the other being a forbearance to bring an action against Archibald for the accounts due the defendant. The defendant insists that it threatened to bring an action against Archibald, but at his request agreed to delay the action a day or two. Forbearance, to constitute legal consideration, must be such as will tie the creditor's hands for a definite time established between the parties. In the case at bar there was no definite time of delay agreed upon by the parties, such as would constitute a valid consideration. *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940).

The defendant's surrender of a portion of the preexisting debt was of course sufficient valid consideration for the purchase of the automobile. *Forbes* v. *Chisholm*, 84 *Ga.* 641 (11 S. E. 554). There was no question that the defendant gave sufficient con-

sideration for the purchase of the automobile in question. Special ground 1 is thus without merit.

3. The defendant contends that the trial judge erred in instructing the jury: "That bill of sale has certain words on it. Your attention will be called to those words, and it will be your responsibility under the evidence you have heard here and under the law that I am going to outline to you to determine the meaning of those words and the effect of those words. The phrase to which I am calling your attention is the phrase that appears on the lower part of this particular paper which is called the bill of sale, and it says substantially this: There is a word which is unclear, and the words following are: 'Title good on outstanding check.' That first word could be the word 'car' or the word 'our' or some other word. For example, it could be car title good on outstanding check,' or 'our title good on outstanding check' or something else. You have heard certain evidence in reference to that phrase and you will apply that evidence to that phrase and look at it and determine what that phrase means. . . The question that you will have to determine in deciding the propositions as to the effect on this case of the phrasing in this bill of sale that we have been talking about is the question as to whether or not what is on that bill of sale would reasonably place a person on notice of a particular claim where he would be in a position to determine that someone else had a claim on that automobile, and to determine the extent of that claim."

Counsel for the defendant insist that the charge was error because the notation on the bill of sale was explained by unequivocal, undisputed, and unimpeached testimony. While it is true a witness for the defendant did testify as to the meaning of the notation, he was not the author of the notation. The bill of sale was in evidence. The jury could consider its contents in determining what it meant. Though an instrument be ambiguous, its language may always be considered and is some evidence of what it means. Moreover, under the holding of this court on a previous appearance of this case, it was held that the notation meant that the title to the automobile was questionable. As was stated by this court (*Nimmons* v. *Ballentine Motors of Georgia, Inc.*, supra), "The plaintiffs and the defendant

differ as to whether the first word in the above quotation from the bill of sale was 'Car' or 'Our,' but, regardless of which it was, or if it was some other word, in view of all the evidence adduced, it presented a question for the jury as to whether the defendant had sufficient notice to the extent provided by Code § 37-116, for the notation on the bill of sale stated in effect that there was a check or checks outstanding for the purchase price of the automobile." If error, it was harmless error for the trial judge to give the instructions excepted to, because there was sufficient evidence to support the verdict regardless of which meaning they gave the first word of the quotation. This ground shows no error.

4. Special ground 3 complains that the judge charged the jury as follows: "Where the car was turned over to Archibald, and where he was given, if you find he was so given, those indicia that would indicate he had the authority to dispose of the property, then, if you found that the defendant in this case was an innocent purchaser, a sale from Archibald to the defendant would divest the title that the plaintiffs originally had in this case."

The defendant insists that it was error for the judge to submit the question of whether the plaintiff gave to Archibald, the defendant's vendor, the indicia of title to the automobile, for the reasons, (a) that on the previous appearance of the case this court held that the only issue involved was whether the defendant was an innocent purchaser, thus eliminating all other issues, and (b) that the evidence adduced upon the trial conclusively and without contradiction showed that the plaintiff did place the indicia of title in Archibald. What this court formerly held was: "Therefore, here the only question is, was there any evidence on which the jury could have found that the defendant was not a bona fide purchaser for value?" Under the law it is presumed, nothing to the contrary appearing, that Archibald's purchase of the automobile from the plaintiff was a cash transaction, and as a matter of law when he gave a worthless check for the automobile, no title to the vehicle passed to him. *Chafin v. Cox*, 39 *Ga. App.* 301 (147 S. E. 154). He was vested with no actual right to sell. Consequently, unless Archibald had the apparent right to sell by reason of the plaintiff having conferred on him

indicia of title, the defendant could not have occupied the status of an innocent purchaser. *Patterson Co.* v. *Peoples &c. Co.*, 158 *Ga.* 503 (4) (123 S. E. 704); *Capital Automobile Co.* v. *Ward*, 54 *Ga. App.* 873 (189 S. E. 713).

It is apparent that this court, in holding that the only issue in the case was whether the defendant was an innocent purchaser, did not eliminate the issue as to whether the plaintiff clothed Archibald with the indicia of title. Nor was it error to submit to the jury the issue though the conclusive and undisputed evidence adduced upon the trial of the case showed that the plaintiff had by his conduct given to Archibald the apparent right to sell the automobile.

"A trial judge may, in his discretion (and at his peril), state, in his charge to the jury, that a certain fact which is admitted or wholly undisputed has been proved, but he is not required, even though so requested, to state to the jury that an issuable fact is true or has been sufficiently proved, even though it be undisputed in the evidence. The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed." *Scott* v. *Valdosta &c. R. Co.*, 13 *Ga. App.* 65 (1) (78 S. E. 784); *New Ware Furniture Co.* v. *Reynolds*, 16 *Ga. App.* 19 (1a) (84 S. E. 491); *Elrod* v. *Chamblee*, 26 *Ga. App.* 703 (1) (106 S. E. 915); *Barbre* v. *Scott*, 75 *Ga. App.* 524, 535 (43 S. E. 2d 760); *Williams Bros. L. Co.* v. *Meisel*, 85 *Ga. App.* 72, 76 (68 S. E. 2d 384); *Sammons* v. *Webb*, 86 *Ga. App.* 382, 389 (71 S. E. 2d 832). This ground is without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*