29989.   GEORGIA POWER COMPANY *v.* CLARK.

DECIDED MARCH 10, 1943.   REHEARING DENIED APRIL 1, 1943.

*Dudley Cook, MacDougald, Troutman & Arkwright,* for plaintiff in error.   *Carl T. Hudgins,* contra.

SUTTON, J. Lindsey Clark brought suit against Georgia Power Company, to recover damages for injuries sustained by him because of alleged negligence of the defendant in the operation of one of its street-cars in the City of Atlanta. The evidence disclosed the following facts: The plaintiff about midnight was driving a truck, and was about to proceed northward across Auburn Avenue on Jackson Street which intersects it at right angles. He stopped at the intersection and looked to the right and to the left, and on his right side at a distance of 500 or 600 feet away he saw a street-car of the defendant, turning slowly into Auburn Avenue to proceed down that street in the direction of the plaintiff. He then started his truck across Auburn Avenue, going at a speed variously estimated by his witnesses at from two to five miles per hour, and by the motorman of the street-car at fifteen miles per hour. On Auburn Avenue were two car-tracks. The plaintiff drove across the nearer track, and when the front of his truck was about on the farther track his truck was struck by the street-car, and he was injured. While he saw the street-car as it entered Auburn Avenue, and testified that he observed it in all its progress towards him, the motorman testified that he did not see the truck, which emerged from a "blind" corner, until he was within about forty feet of Jackson Street, and at that distance he was so close that by the use of his brakes, which he brought into play, he was unable to stop the street car, running at fifteen to twenty miles per hour, in time to avoid a collision; that he rang his gong when he saw that the truck was about to proceed across Auburn Avenue, and thought the driver would stop, but he did not, and that the collision was unavoidable. There was testimony for the plaintiff that after the street-car entered Auburn Avenue it proceeded at a slight downgrade at thirty to thirty-five miles per hour to the point of collision. The plaintiff testified, that although he observed the street-car running, in his opinion, at thirty to thirty-five miles per hour, he did not realize until it was within about 300 feet of him that it had attained such speed; that the motorman made no effort to slacken the speed until within eight to fourteen feet of him; and that his truck was struck before he could get across the second track. On previous occasions, when the car was running in a "normal" way, not so fast, he had, under otherwise similar circumstances, crossed without mishap. After the introduction of evidence, including

some not necessary to be set forth, for reasons which will presently appear, the jury returned a verdict for the plaintiff. The defendant's motion for new trial was overruled, and the exception is to that judgment.

1. There being in issue the alleged negligence of the motorman in running the street-car at an excessive rate of speed, the plaintiff introduced in evidence, without objection, a copy of an ordinance of the City of Atlanta, certified to by its city clerk January 27, 1930, as follows: "Section 53. Within the congested area no vehicle or street-car shall be driven at a speed greater than 20 miles per hour; and within the inner fire limits 25 miles per hour, outside the inner fire limits 30 miles per hour, and at no time shall a vehicle be driven with a reckless or negligent disregard of the traffic conditions then existing, the rights of others, and the safety of the public. Trucks shall not be operated at a rate of speed greater than 15 miles per hour within the city limits." The court admitted in evidence, over objection of the defendant, a certified copy of an ordinance approved December 6, 1938, as follows: "Section 1. That from and after the passage of this ordinance it shall be unlawful for any person to drive any vehicle over any street or roadway of the City of Atlanta at a speed greater than twenty-five (25) miles per hour. Section 2. All ordinances and parts of ordinances in conflict with this amendment are hereby repealed." The defendant's objection to the ordinance last quoted was that it had no application to the lawful speed of a street-car, inasmuch as the word "vehicle" does not, properly construed, relate to a street-car. Error in admitting such copy of ordinance is assigned in the motion for new trial. The court charged the jury as follows: "A municipal corporation like the City of Atlanta has the right to adopt ordinances with respect to the operation of vehicles upon the public streets of the city; and when such an ordinance is adopted it is the duty of those who operate vehicles upon the public streets of the city to observe and abide by such ordinances. If one in the operation of a vehicle upon the public streets of a city should violate such ordinances, that act of violation itself would constitute negligence; but it would be a question of fact for the jury to determine whether or not such violation was itself the proximate cause of an injury to another." In the motion for new trial it is complained that the charge was erroneous, prejudicial, and harmful

to the defendant, for the reason that under the ordinance as certified to on January 27, 1930, the lawful rate of speed applicable to a street-car outside of the inner fire limits of the City of Atlanta was thirty miles per hour, and that in charging that the failure of a driver of a "vehicle" to observe the ordinance regulating the speed thereof would be negligence per se the court erroneously authorized the jury to find that if the operator of the street car was running it at twenty-five miles per hour at the time of the collision in question, the defendant was guilty of negligence per se; it being contended that a "street-car" was not in the contemplation of the ordinance, and that, it not having been shown by the evidence that the collision occurred other than outside the inner fire limits of the city, the lawful speed must be taken as being thirty miles per hour under the ordinance as certified to under date of January 27, 1930, and not twenty-five miles per hour as for a "vehicle" under the ordinance approved December 6, 1938. Ground 3-A assigns error on the ground that the charge was confusing and misleading to the jury, in view of the fact that the two ordinances were introduced, and the court did not limit its instructions to make the defendant guilty of negligence per se only in the event the street-car was exceeding a rate of thirty miles per hour, the speed of twenty-five miles per hour for a "vehicle" not being applicable. Ground 3-B is similar in nature and assigns error on the failure of the court, in so charging, to point out to the jury which of the two ordinances was applicable in considering whether or not the defendant was guilty of negligence per se in the operation of the street-car. One ruling will dispose of all of the above-stated grounds of objection, and it is dependent upon the question whether or not a "vehicle" as referred to in the ordinance approved December 6, 1938, may be said to include a "street-car."

The word "vehicle," in general, lends itself to a variety of meanings. In a sense language is a vehicle of thought; an airplane is a vehicle of the air; a telephone, a telegraph instrument, a radio, a newspaper or a journal is a vehicle of transmitting news or information. But to ascertain the meaning of the word in a given instance resort must be had to its context. It has been ruled, and we know of no holding to the contrary, that "A vehicle is any carriage or conveyance used or capable of being used as a means of transportation on land. The word 'vehicle' will not ordinarily in-

clude locomotives, cars, and street-cars, which run and are operated only over and upon a permanent track or fixed way, and it will not be held to include them unless the context of the ordinance or statute clearly indicates an intention to do so." Conder *v.* Griffith, 61 Ind. App. 218 (111 N. E. 816), and cit. Here the word "vehicle" is used in an ordinance manifestly designed to regulate traffic, and to regulate it "over any street or *roadway*" (italics ours) of the City of Atlanta. Street-cars are generally operated upon the *streets* of a city. In a more populous city they may to some extent traverse roadways beyond the city limits; but we think it may safely be said that normally upon *roadways* it is some vehicle other than a street-car that is to be found. Automobiles may be found in abundance upon roadways no less than upon streets, so called; and when we consider the ordinance here involved, regulating traffic upon streets and *roadways,* it would be straining its fair meaning to say that the speed limit prescribed by the ordinance approved December 6, 1938, was intended to apply to a street-car which is usually limited in its operation to a track or tracks upon a city *street.* Indeed, we think that this court may take judicial cognizance of the fact that in speaking of a vehicle upon a roadway one does not, in the usual sense, have in mind a street-car, but another means of travel or transportation, such as an automobile, a bus, a truck, or a wagon. Considering the context here, we hold that the word "vehicle," as used in the ordinance in question, does not include a street-car, and that the ordinance did not limit the street-car in the present instance to a speed of twenty-five miles per hour outside the inner fire limits of the city. We are reinforced in this view by considering the fact that the ordinance antedating the one using only the word "vehicle" prescribes a rate of speed for a vehicle or street-car. In construing ordinances, as in the case of statutes, those in pari materia should be consulted together, in order to arrive at the meaning of one. Applying that rule to the present case, the fact that the city had prescribed rates of speed for a "street-car or a vehicle" and later, in 1938, changed the rate of speed as to a "vehicle," but without using the words "street-car," as has been done in the antecedent ordinance, indicates a recognition by the city that the rate of speed for a street-car should remain as it was, but that the speed limit of a vehicle, a means of transportation other than a street-car, should be changed to twenty-five

miles per hour. It follows from the above that the court erred in all the respects complained of in grounds 3, 3-A and 3-B, and as the evidence did not, in our opinion, demand a finding as a matter of law in favor of the plaintiff, the judgment overruling the defendant's motion for new trial must be reversed.

(a) The evidence not demanding a finding that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's alleged negligence, the charge that "If one in the operation of a truck upon a public street or thoroughfare should use that degree of care which every prudent person would exercise under the same or similar circumstances for his own safety, then he would not be guilty of negligence and failure to use ordinary care for his own safety," was not inapt or erroneous for any reason assigned in the motion for new trial.

(b) There was evidence to authorize the jury to find that the street-car, in approaching an intersection of streets in the city with a "blind" corner from which the plaintiff emerged, ran at thirty miles an hour to a point from which, according to the motorman's testimony, the car could not be stopped in time to avoid a collision with the plaintiff's truck as it proceeded across Auburn Avenue. Whether or not the motorman was negligent in so operating the street-car, as charged in the petition, was a question for the jury; and the following charge of the court was not error for the reason assigned in ground 4 of the motion for new trial, that it was prejudicial and harmful as being without evidence to support it: "If you should find and believe that the plaintiff was injured as alleged in his petition, and that such injury was due to negligence of the character as alleged in the petition, then the plaintiff would be entitled to recover."

(c) The court did not err in charging the jury as follows: "Another item of damages that is recoverable where there is liability is the reasonable value of medicine reasonably used in the treatment of the injuries. What would be reasonable medicine and what would be the reasonable value of it would be for the jury to determine." It is contended, in ground 5 of the motion for new trial, that it was not shown that the expense for medicine sustained by the plaintiff in the amount of $44 was reasonable, and that the charge was prejudicial and harmful. The plaintiff testified that he paid the amount to a drug-store for medicines; and if the defendant doubted

the reasonableness of the charges, it was at liberty to cross-examine the plaintiff in detail for the benefit of the jury. Under the circumstances the charge is not of itself such as to require a reversal.

(d) In ground 6 complaint is made that the court erred in charging the jury: "If the operator of a street-car should see one crossing in front of it, then it would be the duty of the operator of the street-car to use ordinary care to prevent a contact between the street-car and the truck; and if by the exercise of ordinary care, after discovering the presence of the truck in front of the street-car or immediately in front of it, he could have prevented a contact between the two vehicles, but nevertheless failed to use ordinary care to prevent it, and caused injury to another, then he would be liable; but what would constitute ordinary care to prevent contact under circumstances of that kind is a question of fact for the jury to determine." It is contended that there was no evidence to authorize the jury to find that the motorman was negligent in the operation of the street-car. This ground is without merit, for the reason that a jury question was presented as to whether or not the motorman was negligent in the operation of the street-car.

(e) The charge as to allowance of damages for pain and suffering was not error for any reason assigned in ground 7 of the motion for new trial, the court having made plain to the jury that the item of damage was recoverable only where there was injury and liability, and having elsewhere in the charge fully instructed the jury on the question of liability.

Judgment reversed. MacIntyre and Felton, JJ., concur. Stephens, P. J., disqualified.