[No. 32031. Department Two. March 27, 1952.]

ROBERT E. WHITNEY, *as Executor, Plaintiff,* v. THE CITY OF SEATTLE, *Defendant and Relator.*[1]

[1]Reported in 242 P. (2d) 178.

*A. C. Van Soelen* and *Arthur Schramm*, for relator.

*Charles F. Stafford, Jr.,* and *Reuben C. Youngquist*, for respondent.

HAMLEY, J.—The only question here presented is whether relator is entitled to a change of venue from Skagit county to King county. The record is before us by virtue of a writ of certiorari.

Plaintiff, as executor in the estate of Wendell R. Whitney, deceased, brought this action in Skagit county on behalf of the surviving wife, a resident of that county. The sole defendant is relator—a municipal corporation located in King county.

Plaintiff alleges in his complaint that relator owns and operates a railroad, known as the Skagit River Railroad, operating thereon engines commonly known as speeders, and trains; that the tracks of this railroad cross secondary state highway No. 17A at a point in Skagit county known as Corkindale Crossing; that on October 2, 1949, decedent was riding as a guest in an automobile being operated along this highway by Fred H. Snyder; that the automobile was being operated in a careful, prudent and cautious manner as it approached and started to cross the railroad tracks; that relator's speeder and train approached the crossing in a careless and negligent manner, as a result of which it collided with the automobile, causing the death of Wendell R. Whitney.

Thirteen allegations of negligence are set forth, all relating to the operation of the train, the failure to properly mark the crossing, and the failure to clear the right of way. It is alleged that a valid claim for damages was timely filed

with relator and that plaintiff has sustained damages in the sum of $171,829.20.

Following service of the summons and complaint, relator moved for a change of venue to King county. The motion was denied, whereupon relator applied to this court for a writ of certiorari to review such action.

■ Prior to 1941, a transitory action could be brought only in the county of the defendant's residence. *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24. The only exceptions were in the case of actions for the recovery of a penalty or forfeiture imposed by statute, or actions of specified kinds against a public officer. Rem. Rev. Stat., § 205 [P.P.C. § 102-3]. In 1941, this statute was amended by adding a third exception reading as follows:

"Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose: . . . "3. For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action." Laws of 1941, chapter 81; RCW 4.12.020 (Rem. Supp. 1941, § 205).

Relator does not contend that its status as a municipal corporation relieves it from the operation of this statute. It is argued, however, that the case at bar is not one for damages "arising from a motor vehicle accident," as that term is used in the statute.

■ We are in agreement with relator's view that the speeder and train in question is not a "motor vehicle" within the meaning of this statute. The term is not defined in the act. Such a vehicle would not be a "motor vehicle" within the meaning of the Washington motor vehicle act. Rem. Rev. Stat., Vol. 7A, § 6360-1 (mmm) [P.P.C. § 284-3]; *Carlson v. Seattle,* 175 Wash. 388, 27 P. (2d) 717. Independent of statutory definition, the term "vehicle" is not ordinarily considered as including locomotives, cars, and street

cars which are operated only over and upon a permanent track or fixed way. *Conder v. Griffith,* 61 Ind. App. 218, 111 N. E. 816; *Georgia Power Co. v. Clark,* 69 Ga. App. 273, 25 S. E. (2d) 91, 94.

The statute, however, does not require that two or more "motor vehicles" must first collide in order to bring about a "motor vehicle accident." There can be little doubt that, if the automobile in question had, by reason of negligent operation, collided with a bicycle on the highway or a telephone pole along the side of the highway, this would have been a "motor vehicle accident" entitling one who was damaged to lay venue in the county where such collision occurred.

Relator does not contend otherwise. It argues, however, that for a collision to fall in the category of a "motor vehicle accident" under this statute, it must be alleged in the complaint that the defendant is liable by reason of the negligent operation of an automobile. It is relator's position that the 1941 amendment was directed against out-of-county automobile operators who, theretofore, could be sued only in the county of their residence. *State ex rel. Antonsen v. Superior Court,* 29 Wn. (2d) 725, 189 P. (2d) 219, is relied upon in support of this view.

In the *Antonsen* case, an automobile was being driven across a bridge in Grays Harbor county, and was damaged by paint being sprayed upon the bridge by a contractor who was a resident of Pierce county. Suit was brought in Grays Harbor county. Defendant moved for a change of venue to Pierce county. Its motion for change of venue was denied. We reversed, saying:

"The question to be here determined, upon the record, is one difficult of decision. Respondent's automobile was damaged, as is alleged in his complaint, while the motor vehicle was in operation. The automobile did not cause any damage to person or property, but was itself injured by an agency operated by relator, or his servants, and under his control.

"Without attempting to define a 'motor vehicle accident,' as that phrase is contained in the statute above cited, we hold that the cause of action stated in respondent's com-

plaint is not one 'for the recovery of damages arising from a motor vehicle accident,' and that the trial court erred in denying relator's motion for a change of venue to the county of relator's residence." (pp. 732-3.)

We stated, in the *Antonsen* case, that it was doubtless true that the principal reason for the enactment of the 1941 amendment was to relieve a person suffering damages by reason of an automobile accident from the burden of suing the person believed responsible for the accident, in another and possibly distant county from that in which the accident occurred.

Granting that this was the principal purpose, the statute itself does not evidence a legislative intent to limit the application of the act to such cases. This could easily have been accomplished by using the phrase "damages *caused* by the negligent operation of a motor vehicle." Instead, the statute reads "damages *arising* from a motor vehicle accident." (Emphasis supplied.) The fact seems to be that, in endeavoring to subject negligent automobile owners or drivers to suit in the county where the collision occurred, the legislature has used language broad enough to include collisions in which the only motor vehicle involved was that owned or operated by the plaintiff.

In the *Antonsen* case, we declined to supply a general definition of the term "motor vehicle accident." We indicated that such questions must be answered as they arise, "each case to be considered in the light of its own peculiar facts." We are inclined to pursue the same course here. Under the facts alleged, there was a collision on the public highway between a train and an automobile, as a result of which an occupant of the automobile received injuries. In our view, an action against the owner of the train for damages by reason of such injuries (which here proved fatal) arises from a "motor vehicle accident" as that term is used in RCW 4.12.020 (Rem. Supp. 1941, § 205).

The order denying the motion for change of venue is affirmed.

Schwellenbach, C. J., Hill, Finley, and Olson, JJ., concur.