2902.   ATLANTA, BIRMINGHAM & ATLANTIC RAILROAD CO. *v.* POPE.

1. The errors assigned as to the rulings on demurrer are not well taken.
2. It is not good cause for the taking of exception to the return of interrogatories that the answers are not physically attached to them, where it appears that the interrogatories, the answers, and the commission were duly sealed together in an envelope and returned to the court as required in the Civil Code (1910), § 5898.
3. Where a petition is jointly brought by two persons claiming a specified amount of damages on account of a tort, and afterwards the name of one of the parties and all of the allegations relating to the cause of action in his favor are stricken, but the original statement as to the ad damnum is left in the petition, the court does not err in telling the jury that the remaining plaintiff claims damages in that amount.
4. Where a railroad crosses a public road outside of an incorporated town or city, though within less than four hundred yards of the corporate limits, the engineer is required to signal the approach of his train to the crossing by blowing the whistle; and the ringing of the bell alone is not sufficient.
5. The case was fairly tried, and no material error appears.

DECIDED SEPTEMBER 11, 1911.

Action for damages; from city court of Greenville—Judge Revill.   July 16, 1910.

*Rosser & Brandon, McLaughlin, Jones & Jones, Hatton Lovejoy*, for plaintiff in error.

*W. S. Howell, N. F. Culpepper*, contra.

RUSSELL, J.   The record bristles with points, but many of them are what Justice Samuel Lumpkin in one of his opinions designated as "pintees." The only question which seems to be of such novelty and of such general interest as to require elaboration is the one dealt

with in the fourth headnote. The injury complained of in the present case occurred at a crossing which was just outside of the town of Haralson and within about fifty yards of the corporate limits. The court charged the jury the law embodied in the Civil Code (1910), § 2675, which requires locomotive engineers to blow the whistle upon approaching public crossings outside of the corporate limits of cities and towns. The train which inflicted the injury was approaching the crossing from the side of it next to the town of Haralson, and there was some evidence that the bell was being rung as the crossing was approached. The contention of counsel for the plaintiff in error is that the provisions of section 2677 of the Civil Code (1910) are applicable,—that "within the corporate limits of the cities, towns, and villages of this State, the several railroad companies shall not be required to blow the whistle of their locomotives on approaching crossings or public roads in said corporate limits, but in lieu thereof the engineer of said locomotive shall be required to signal the approach of their trains to 'such crossings and public roads in said corporate limits, by tolling the bell of said locomotive." As to crossings located within the corporate limits of cities, towns, and villages, the whistle should not be blown; the requirement which we have just quoted being mandatory, and not permissive only. *Georgia Railroad* v. *Carr*, 73 *Ga.* 557. Much of the reasoning in the case just cited tends to support the theory that the whistle shall not be blown while the train is within the corporate limits of the city, town, or village, even though the crossing about to be approached lies slightly beyond the limits, but the language of the statute itself seems to settle this question. The phrase, "in said corporate limits," which is twice used to designate the public roads mentioned in section 2677, supra, seems to have been advisedly used. The old law required the blowing of whistles as to all crossings, but the amendment contained in the section just referred to relieves from this requirement within the corporate limits of cities, towns, and villages, as to trains "approaching crossings or public roads in said corporate limits."

*Judgment affirmed.*