4887.  Scott v. Valdosta, Moultrie & Western Railroad Co.

Russell, J.  1. A trial judge may, in his discretion (and at his peril), state, in his charge to the jury, that a certain fact which is admitted or wholly undisputed has been proved, but he is not required, even though so requested, to state to the jury that an issuable fact is true or has been sufficiently proved, even though it be undisputed in the evidence. The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed.

(a) In stating the contentions of the parties the trial judge used the following language: "It being contended by the plaintiff that he was a passenger upon one of the trains of the defendant company." Held: Generally such language can not be held to be erroneous or prejudicial to the plaintiff; nor, viewing this excerpt with its context in the charge in the present instance, was it prejudicial to the plaintiff, although the evidence showed, without contradiction, that the plaintiff was in fact a passenger.

2. The requested instructions to the jury, so far as they were pertinent and legal, were sufficiently covered in the charge given, and the court could not have given the instructions in the form in which they were presented in the requests, without a palpable violation of the provisions of section 4863 of the Civil Code. It is not error for a judge, on the trial of an action to recover for damage alleged to have been caused by a railway company, to decline to instruct the jury that the company has not attempted to rebut the presumption of negligence, no matter what may be the state of the record with reference to that fact; since it is never error to refuse to direct a verdict.

3. The defendant's plea was signed only by its attorneys, and, in one portion, is subject to the construction that the defendant, if guilty of negligence at all, was only guilty of slight negligence, though in another portion of the plea all negligence is denied. Since the plea was signed by the defendant's attorneys, it was not error requiring a new trial that the court (in stating the contentions of the parties) said that "the defendant, by its attorney, further says that if the defendant was guilty of any negligence at all, such negligence was slight negligence; and it says further that if the plaintiff in the case was injured at all, he was not injured with a hernia as the result of any injury received while upon the train of the defendant company, but if injured at all the injury was a slight injury." In charging the jury it is error for the court to designate mere argument of counsel as a contention of a party; but in the present case the court, in connection with the foregoing statement, referred the jury to the pleadings, to ascertain the exact issues between the parties; and it is not prejudicial error for the court to state the contention of the party as being made by his attorney, if the pleadings support that statement.

4. The credibility of witnesses is so exclusively within the prerogative of the jury that, since the evidence authorized the verdict, the trial judge did not err in refusing a new trial.          Judgment affirmed.

Decided July 8, 1913.

Action for damages; from Colquitt superior court—Judge Thomas. April 10, 1913.

*Shipp & Kline,* for plaintiff.

*E. K. Wilcox, J. A. Wilkes, James Humphreys,* for defendant.