### 5700. NEW WARE FURNITURE CO. *v.* REYNOLDS.

WADE, J. 1. The various assignments of error based on the refusal of the court to direct a verdict or to give to the jury instructions amounting in effect to the direction of a verdict are without merit. "It is never error to refuse to direct a verdict" (*Scott* v. *Valdosta, Moultrie & Western R. Co.*, 13 *Ga. App.* 65, 78 S. E. 784), even though in the interest of time and economy it may be desirable that a verdict, unquestionably demanded by the evidence, should be directed by the court. *McMillan* v. *First National Bank of Valdosta*, 13 *Ga. App.* 23 (78 S. E. 734).

(*a*) A trial judge "is not required, even though so requested, to state to the jury that an issuable fact is true or has been sufficiently proved, even though it be undisputed in the evidence. The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed." *Scott* v. *Valdosta, Moultrie & Western R. Co.*, supra.

2. "Where any suit is instituted or defended by a corporation, the opposite party shall not be admitted to testify in his own behalf to transactions or communications solely with a deceased or insane officer or agent of the corporation." Civil Code, § 5858 (3). Besides the deceased agent of the corporation, there must be some other person present, related in some way to the corporation, before the opposite party will be competent to testify to transactions or communications had with such agent. The mere presence of a stranger, who was in no wise concerned or interested for the corporation in regard to the matter concerning which the transactions or communications were had with the deceased agent of the corporation, would not make the evidence of the survivor admissible in reference to such transactions or communications. *Augusta Naval Stores Company* v. *Forlaw*, 133 *Ga.* 138, 149 (65 S. E. 370); *Register* v. *Aultman & Taylor Co.*, 106 *Ga.* 331, 332 (32 S. E. 116); *Merchants National Bank of Savannah* v. *Demere*, 92 *Ga.* 735 (4), 740 (19 S. E. 38); *American Harrow Co.* v. *Dolvin*, 119 *Ga.* 186 (45 S. E. 983).

(*a*) Testimony from the defendant as to transactions and communications had by him solely with W. R. Ware, since deceased, as agent for the New Ware Furniture Company, in which Ware pointed out, as such agent, what particular lumber had been conveyed by the plaintiff to the defendant, was incompetent, notwithstanding the fact that other witnesses, unconnected with the said corporation, likewise heard the statements of the agent and may themselves be competent to prove the same conversation.

3. Where a contract reduced to writing and properly executed is thereafter lost or destroyed, it is competent to prove by parol testimony what were the substantial terms and provisions thereof, but proof as to the antecedent negotiations or representations leading up to the execution of the written contract is inadmissible to contradict or vary its terms or provisions as established by parol.

4. Where the agent of a corporation is directly interested by agreement with a third person in prospective profits to result from the purchase by the third person of personal property from his principal, representations made by him to the purchaser as to the quantity, quality, or

location of the property can not have a binding effect against the interest of the corporation.

5. Specific reference to various assignments of error not covered by the foregoing rulings is unnecessary, since the same points will doubtless not arise on a new trial of the case.

*Judgement reversed. Broyles, J., not presiding.*
Decided February 18, 1915.

Complaint; from city court of Floyd county—Judge Reece. April 11, 1914.

*Lipscomb & Willingham, Nathan Harris,* for plaintiff in error.
*Maddox & Doyal, Dean & Dean,* contra.

