12019.   GEORGIA RAILWAY & POWER CO. *v.* REID.

1. Where a collision between an automobile and a car of a street-railway at a public crossing resulted in injuries to the driver of the automoble, and it appeared that he was driving his automobile in violation of the statute regulating the speed of automobiles when approaching the public crossing, and it also appeared that the street-car was being operated at a dangerous and negligent rate of speed and not with the care required for the safety of persons who might be on the crossing, it was not error for the court to charge the jury that " if the plaintiff was approaching the road-crossing at a greater rate of speed than six miles an hour, it would constitute negligence, and if such negligence existed and was the cause, the *real producing cause,* of injury to the plaintiff, he would not, under the law, have the right to recover;" nor did the court err in refusing to charge that " if the plaintiff approached the railroad cross-ing at a greater speed than six miles an hour, and if this violation of the law *contributed* to cause his injury, then the jury should find for the defendant." It was insisted that a charge to the effect that to bar a recovery, the plaintiff's negligence in approaching the road-crossing at a criminal speed would have to be the *real producing cause* of the injury, was incorrect; that, as pointed out by the request, a recovery would be barred if such violation of the law either *contributed* to the injury or was equal, as a producing cause, to the negligence of the de-fendant. The instruction complained of stated the true rule of law.

The request to charge left out of view the law of comparative negligence.

2. No one can recover damages for an injury to his person or property where his own negligence is the real producing cause of the injury, whether such negligence results from his violation of a penal statute or from negligence in the failure to exercise the care required by law in the particular case. E converso, one may recover damages for an injury to person or property where the injury is the result of negligence due to a violation of a penal statute, or to negligence due to the failure to exercise the care required by law in the particular case, provided the negligence complained of is the proximate, efficient cause of the injury. And the law in Georgia gives a right of recovery to an injured party although his own negligence may have been a contributing cause of the injury, provided the defendant's negligence constituting the proximate cause of the injury is greater than that of the plaintiff; the damages to be diminished in accordance with the plaintiff's contributing negligence.

DECIDED APRIL 14, 1921.

Action for damages; from city court of Atlanta — Judge Reid. October 9, 1920.

*Colquitt & Conyers,* for plaintiff in error.

*Westmoreland & Smith, F. A. Hooper & Son,* contra.

HILL, J. The plaintiff obtained a verdict against the street-railway company for damages because of its alleged negligence in a collision of a car of the street-railway with the plaintiff's automobile at a place where a public highway crossed the street-car track; the defendant's motion for a new trial was overruled, and the movant excepted. The collision occurred in the town of Hapeville, and the negligence alleged was that the street-railway car was running at a reckless and dangerous rate of speed in approaching the crossing, to wit, at a speed of forty miles an hour, and that the motorman of the street-car failed to give any signal of its approach to the crossing. The defendant denied the allegations of negligence and affirmatively set up that the injury was due to the negligent conduct of the plaintiff in approaching the crossing in violation of the State law regulating the speed limit applicable to the case. This law limits the speed in approaching a crossing or intersection of streets to six miles an hour. The plaintiff admitted that he was running faster than this and probably from twelve to fifteen miles an hour. The plaintiff and the motorman each claimed to have been unable to see the approach of the other to the crossing, because of intervening houses, which obscured the view. Besides the general grounds, the plaintiff

in error insists upon two special exceptions. First, it is insisted that the court erred in charging the jury: " If the plaintiff was approaching the road-crossing at a greater rate of speed than six miles an hour, it would constitute negligence, and if such negligence existed and was the cause, the real producing cause, of injury to Mr. Reid [the plaintiff], his person or property or both, he would not, under the law, have the right to recover." The error assigned in the foregoing charge is that " it stated hypothetically a question which was, as movant contends, undisputed in the record, to wit, that the plaintiff was approaching a crossing at a greater rate of speed than six miles per hour; plaintiff's own evidence admitted that he violated the law in approaching the crossing." This charge of the court, which hypothetically stated a fact admitted as true, does not constitute any material or serious error. Such expressions are frequently used by the courts in stating, in their charges to the jury, facts which are not in dispute. It could not mislead a jury of ordinary intelligence in making doubtful a fact which the evidence shows was not doubtful. Besides, it has been ruled by this court that a hypothetical statement of an undisputed fact in the charge is not ordinarily erroneous. *Scott* v. *Valdosta &c. R. Co.,* 13 *Ga. App.* 65 (78 S. E. 784) ; *New Ware Furniture Co.* v. *Reynolds,* 16 *Ga. App.* 19 (84 S. E. 491).

Another error is assigned on this instruction of the court. The court charged that the violation of the law by the plaintiff must be the *real producing cause* of the injury sued for, before it amounts to a bar to his right to recover; and it is insisted that this charge eliminates the proposition that if it amounted to one half of the producing cause, it would also be a bar; and, secondly, that it was open to the objection that although the plaintiff may have been negligent in violating a penal law of the State, and this negligence may have been a contributing cause of his injury, still he might recover if his own negligence was not the *real producing cause* of the injury. It is alleged that the court erred in refusing a request to charge as follows: "If Mr. Reid [the plaintiff] approached the railroad-crossing at a greater speed than six miles an hour, and if this violation of the law contributed to cause his injury, then the jury should find for the defendant." It will be seen that the exception to the charge and the request to charge involve the same principle,

and, reduced to its last analysis, this simply means that the court stated the law too strongly in favor of the right of the plaintiff; it being insisted that if the plaintiff was negligent in violating the criminal law, and this negligence was a contributing cause to his injury, he could not recover at all; in other words, that one whose proved act of negligence, contributing to his injury, was due to a violation of a penal statute, would be guilty of greater negligence than a defendant whose act of negligence consisted simply of negligence in fact; and the further contention is made that one who violates a law of the State and is thereby injured forfeits his right to recover for any negligence of the defendant short of wantonness or willfulness.

As to the first objection to the charge, that it eliminates the proposition that the plaintiff could not recover if his negligence was equal to that of the defendant, an inspection of the charge will show that the criticism is not warranted. The court very fully and clearly submitted to the jury the law of comparative negligence. As to the second objection to this charge, we do not think it is sound in law or logic. It is wholly immaterial whether the act of negligence arises from a violation of a penal law or from a disregard of that due and proper care which the law requires to be exercised. Negligence is no more culpable civilly when it is a violation of a penal statute than when it results from the disregard of that proper care and diligence for the rights and safety of others; and negligence of either kind will not in the one case entitle the plaintiff to recover, or in the other case prevent him from recovering, unless it is the efficient cause of his injury. If his own negligence is the efficient cause of his injury, he cannot recover. If the negligence of the defendant is the efficient cause of his injury, he can recover. This applies to the general rule on the subject, without reference to the doctrine of comparative negligence, which exists in a few States, among them the State of Georgia. A man who is negligent in the violation of a penal law of the State does not more effectively deprive himself of the right to recover than he does by his negligence in not doing some act which the law requires him to do, in the exercise of ordinary care, or in not avoiding, in the exercise of ordinary care, the negligent act of another. The rule is stated by Mr. Thompson in his excellent work on Negligence, Vol. 1, § 82, as follows: "The mere fact that

the plaintiff, on the one hand, or the defendant on the other, was engaged in violating the law in a given particular at the time of the happening of the accident, will not bar the right of action of the former, nor make the later liable to pay damages, unless such violation of law was an efficient cause of the injury." And as stated in § 249 of the same book: "The fact that the plaintiff is engaged in violating the law does not prevent him from recovering damages of the defendant for an injury which the defendant could have avoided by the exercise of ordinary care, unless the unlawful act contributed proximately to produce the injury." This is the rule also substantially enunciated by the Supreme Court in *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547; Ann Cas. 1912 C. 394). Of course, as pointed out in the case just mentioned, where the violation of the penal statute is merely a collateral fact, it has no relevancy.

One who commits an act of negligence in violating a penal statute of the State may be called upon to account to the State criminally for the offense, but in so far as injury results to another from such violation the question is simply one of negligence and its proximate results. In other words, where a person violates a penal statute, so far as the individual is concerned, and injury results therefrom, he is guilty of no more than simple negligence, and his offense is not necessarily aggravated by the fact that the negligent act which caused the injury was due to a violation of a penal statute. A tort committed by the violation of a penal statute is not necessarily a greater tort, so far as the injured individual is concerned, than a tort resulting from the failure to exercise such care and diligence as the law requires under the particular facts of the case. The question now under discussion is controlled by the decision of this court in *Schofield* v. *Hatfield,* 25 *Ga. App.* 513 (103 S. E. 732). Judge Stephens, in a very clear elucidation of this question uses the following language: "It is immaterial whether the negligence of the respective parties is established as a matter of law or as a matter of fact. The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause

of his injury. Even though negligence might be shown as a matter of law, the question of proximate cause may still be one for the jury." The evidence in support of the verdict in this case is exceedingly weak, and the jurors might well have found that the plaintiff's admitted act of negligence in approaching the crossing at a rate of speed in violation of the statute was the proximate, efficient cause of his injury. But this is not so clear and conclusive as to become a question of law, especially when the jury may have applied the law of comparative negligence to the case. However this may be, we cannot say that there is no evidence whatever to support the verdict; and therefore the judgment refusing a new trial must be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*