15033.   ELBERTON & EASTERN RAILROAD CO. *v.* THORNTON.

BELL, J.   1.   Under the rule that, except where an act is made negligent by statute or ordinance, it is error for the judge to instruct the jury as to what would constitute negligence, the following charge was error: "Every person operating a locomotive must use his natural faculties of sight and hearing for the protection of persons and property that might be crossing the railroad-track at any public crossing; and I charge you that in exercising his faculties of sight and hearing he must observe them at places and under circumstances as would make them effective; the extent to which a person operating a locomotive at or near a public crossing must look and listen is measured by what a reasonably prudent man would do under the circumstances." There is no statute in this State requiring an engineer to use his sense of hearing, nor to use even the sense of sight so as to make it *effective*. See Ga. L. 1918, p. 212. As a servant of the railroad company, he is only required to observe the statutory regulations and otherwise exercise ordinary care to avoid injury to persons and property at a public crossing, regardless of whether in doing so his precautions are effective. The question as to how far the engineer should make his sense of sight effective having been left to the jury to determine by the standard of a reasonably prudent man under the circumstances, and the statute requiring a "constant and vigilant lookout," the charge upon that question was probably not erroneous, but this qualification could not have cured the error in telling the jury, as a matter of law, that the engineer should use his sense of hearing, whether effectively or not.

2.   The judge would have further violated the rule stated in the beginning of paragraph 1 above, had he given the requested instructions set forth in special grounds 3, 4, and 5 of the defendant's motion for a new trial, two of which are so clearly controlled by the ruling made above that they need not be stated. The other request sought an instruction that one operating an automobile shall have it under such control in approaching a railroad-crossing that he "can stop it instantly." The statute in force upon the subject at the time of the collision now in question required that in approaching such a crossing the person operating the automobile should only "have it under control and operate it at a speed not greater than six miles per hour." See Ga. L. 1910, p. 90, § 5. It would have been error for the judge to say in charge that ordinary care should have included the additional element of ability to stop it *instantly*. *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (5) (118 S. E. 488).

3. Again, in view of the rule stated in paragraph 1, but more especially in view of the provisions of the act of 1918, the court did not err in refusing a request to charge as follows: "Within the corporate limits of a city or town in this State a railroad company, instead of blowing the whistle of its locomotive as a signal of the approach of its trains to a street-crossing, may toll its bell; and if you should believe, under the evidence in this case, that the railroad company either blew the whistle or tolled its bell, that would be a compliance with the requirements of this law, but if the whistle were blown it would not be necessary to toll the bell, or if the bell were tolled it would not be necessary to blow the whistle." See Ga. L. 1918, p. 212; *Atlanta &c. R. Co.* v. *Pope,* 9 *Ga. App.* 647 (3) (72 S. E. 63); *Georgia Railroad* v. *Carr,* 73 *Ga.* 557 (3).

4. "A specific charge which is legal and adjusted to a distinct matter in issue, involving the right of the plaintiff to recover, and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court." *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49). There being some evidence to the effect that the automobile as it approached the crossing was being driven at a speed greater than six miles per hour, and the judge not having instructed the jury directly upon the subject of proximate cause, it was error to refuse a timely and applicable request, framed under the act of 1910, to charge as follows: "At the time this accident occurred any person driving an automobile was required, in approaching a railroad-crossing, to keep his automobile under control and reduce its speed to not more than six miles per hour. If you believe that the plaintiff in this case or his agent, when approaching this railroad-crossing, did not have his automobile under control, or was driving the same at a speed of more than six miles per hour, that would be negligence per se, and if that negligence was the proximate cause of the injury sued for, the plaintiff would not be entitled to recover." *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (1) (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394); *Schofield* v. *Hatfield,* 25 *Ga. App.* 513 (103 S. E. 732); *Georgia Ry. &c. Co.* v. *Reid,* 26 *Ga. App.* 720 (2) (107 S. E. 100); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (1); (91 S. E. 29); *Moody* v. *DuBois,* 29 *Ga. App.* 652 (116 S. E. 219); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (14) (118 S. E. 488).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 25, 1924.

Action for damages; from Elbert superior court—Judge W. L. Hodges. September 14, 1923.

*Z. B. Rogers, W. A. Slaton,* for plaintiff in error.

*Tutt & Brown,* contra.