17226.  STANFORD *v.* SOUTHERN RAILWAY COMPANY.

1. In an action against a railroad company for damages because of injuries sustained at a public crossing, where the suit is based upon failure to erect a blow-post at a point 400 yards from the crossing, and failure to blow the whistle of the locomotive as prescribed by statute, it is immaterial that the defendant had not erected a blow-post, where it appears that the engineer nevertheless blew the whistle in accordance with the legal requirements.
2. The evidence introduced in behalf of the defendant conclusively rebutted the presumption of negligence that arose against it on proof of the plaintiff's injury by the running of the defendant's cars. This being true, a finding in favor of the defendant was demanded by the law and the evidence, and the court did not err in directing a verdict accordingly.

DECIDED JANUARY 24, 1927.  REHEARING DENIED FEBRUARY 25, 1927.

Action for damages; from Haralson superior court—Judge Irwin.  January 20, 1926.

*Price Edwards,* for plaintiff.

*Maddox, Matthews & Owens, E. S. Griffith,* for defendant.

BELL, J.  The plaintiff sought to recover damages for personal injuries sustained when a truck driven by him was struck by the defendant's train at a public-road crossing. At the close of the evidence upon the trial the court directed a verdict in favor of the defendant. The bill of exceptions complains that the court erred in directing the verdict, and also in a previous order overruling a demurrer to a part of the defendant's answer. The only allegations of negligence were as follows: "No blow-post for said crossing had been erected on said track 400 yards east of the same, and

---

Railroads, 33 Cyc. p. 665, n. 68; p. 1069, n. 93, 96.

the whistle of said locomotive was not blown as a warning to plaintiff." "The failure to erect and have a blow-post 400 yards east of said crossing caused the engineer to fail to blow the whistle as required by law, and plaintiff entered upon said crossing without warning and without knowledge of the approach of said engine and cars." "The failure to erect said blow-post aforesaid caused the engineer in charge of the train to fail to blow the whistle until it was too late to warn the plaintiff of the near approach of said train or to warn him not to enter upon said crossing." From the evidence it appears that the crossing was approximately 150 feet west of the western boundary of the town of Waco, through which the train had just passed from east to west at the time of the collision. There was no blow-post 400 yards east of the crossing, but the post actually erected was 551 feet east thereof, being within the limits of the corporation. If a post had been erected 400 yards east of the crossing, that also would have been within the city limits. The defendant claims that since the point 400 yards east of the crossing was within the city limits, it was under no duty under the act of August 19, 1918 (Ga. L., 1918, p. 212; Park's Code Supp. 1922, § 2677), to erect a blow-post as a signal of approach to the crossing, or to blow the whistle in approaching the crossing, from that point. Under the law as it existed prior to the act of 1918 (see Civil Code of 1910, § 2677), this court, in *A., B. & A. Ry. Co.* v. *Pope,* 9 *Ga. App.* 647 (4) (72 S. E. 63), held that where a railroad crosses a public road without the bounds of a municipality, though within less than 400 yards of the corporate limits, the engineer is required to signal the approach of his train to the crossing, by blowing his whistle. The provisoes in section 4 of the act of 1918, prescribing the things to be done within the limits of towns and cities, like the proviso in the old law, appear to have reference only to crossings actually within the municipal limits, and not to crossings near by but outside the limits. The language of the later statute differs to some extent from that of the old, but the meaning, as regards the question now under consideration, we think is the same. (The punctuation in the enrolled act in the office of the Secretary of State is not like the punctuation in the published copy.) The blow-post, however, is intended to indicate the crossing to the engineer, and the mere failure to erect it as prescribed in the act can have no effect upon

the solution of the present case or a case of this sort, unless such omission of duty proximately caused the injury sued for. For instance, if the engineer begins to blow the whistle at a point 400 yards from the crossing and otherwise conforms to the statutory requirements with reference to blowing it as he approaches the crossing, it will be immaterial, in an action for damages against the railroad company, that the post was not erected in accordance with the law. In this case the positive, unequivocal, and unimpeached testimony of the engineer showed that he commenced to blow the whistle at a certain point, otherwise established without dispute to be 1267 feet east of the crossing, and that he continued to blow it from that point, in the manner specified in the act, until he had met the legal requirements, the facts being fully stated by him. Numerous other witnesses testified to the same effect. There was no evidence that the whistle was not blown as the law requires. Therefore, under the evidence in the record, the presumption of negligence which on proof of the injury arose against the company was conclusively rebutted. In such a case there is no error in directing a verdict in favor of the defendant. *Savannah, Florida &c. Ry. Co.* v. *McConnell,* 94 *Ga.* 352 (21 S. E. 568); *Central &c. Ry. Co.* v. *Waxelbaum,* 111 *Ga.* 812 (35 S. E. 645); *Atlantic Coast Line R. Co.* v. *Martin,* 33 *Ga. App.* 176 (125 S. E. 778); *Atlantic Coast Line R. Co.* v. *Paulk,* 33 *Ga. App.* 293 (2) (125 S. E. 865).

From what has been said, the court seemingly erred in refusing, on demurrer, to strike that portion of the answer in which the defendant pleaded that it was under no duty to erect a blow-post or to blow the whistle as to the approach of the crossing from the side next to the town or city of Waco, but this error was harmless, because, as we have stated, the evidence showed conclusively that the defendant complied with its statutory duty as to blowing the whistle; and, this being true, it makes no difference that the post was not erected. Where, as appears conclusively from the evidence in this case, a train is moving at a speed of not less than thirty-five miles per hour, or about fifty feet per second, it is a substantial compliance with the statutory requirement, as to blowing the whistle from a point 400 yards, or 1,200 feet, from the crossing, for the engineer to begin blowing it 1,267 feet from the crossing, where the blowing is then continued and concluded as prescribed by the

21

statute. Calculation shows that in such a case the variation from the point at which the blowing should have commenced is but approximately five per cent. in distance, and that as a result the signal begins only about a second and a quarter off the proper time and *earlier* to that extent than if it had been given in strict and perfect compliance with the law.

The evidence having demanded a finding in favor of the defendant, the court did not err in directing a verdict accordingly.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*