## 36884. LIMBERT *v.* BISHOP.

DECIDED NOVEMBER 8, 1957.

*Greene & Neely, B. Hugh Burgess,* for plaintiff in error.

*Bruce B. Edwards, Robert W. Cagle, William H. Whaley, Thomas O. Davis,* contra.

NICHOLS, J. 1. The first special ground of the amended motion for new trial contends that the trial court erred, even without a proper written request having been submitted, in failing to charge the jury on "comparative negligence," on the duty of the plaintiff to "exercise ordinary care for his own safety," and on the plaintiff's duty to exercise "ordinary care to prevent the negligence of the defendant after such negligence was discovered."

The evidence showed without dispute, that the defendant's truck was driven into the service station where the plaintiff was employed, and parked, that thereafter the defendant's employee got into such truck and backed it into the plaintiff while the plaintiff was standing with his back to such truck and in front of an automobile which he was servicing, and that the plaintiff had no knowledge of the negligence of the defendant's employee until the actual moment of impact of the defendant's truck with the plaintiff's person. There was no evidence that the plaintiff was in any way negligent, or that he had any knowledge of the

negligence of the defendant's employee prior to the injury so that he could have taken any action to prevent such injury.

While the defendant's answer may have authorized the introduction of evidence as to the failure of the plaintiff to exercise ordinary care for his own safety, either before or after the negligence of the defendant's employee became apparent, or on comparative negligence, no such evidence was introduced. "It is the duty of the court to instruct the jury as to the law applicable to every material issue in the case, even in the absence of any request; but where an issue, though raised in the pleadings, is not supported in the evidence, it is error to charge upon any issue which is not supported by evidence." *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20). See also *Jackson* v. *Camp & Brown Produce Co.,* 92 *Ga. App.* 359 (3) (88 S. E. 2d 540).

It might be well to state at this point that a verdict for the plaintiff was authorized under the evidence. However, the contention of the defendant that the verdict was *excessive* will be considered later.

2. Special ground 2 alleges that the trial court erred in charging the jury on the following allegation of negligence contained in the plaintiff's petition: "In backing the defendant's truck down, over and across a public sidewalk."

At the time this allegation of negligence was given in charge to the jury the trial court was reading those allegations of negligence from the plaintiff's petition which had not been stricken by the plaintiff or removed as issues of the case by the trial court.

"It is not improper, in charging the jury, to state the contentions made by the allegations of the petition (*Barbre* v. *Scott,* 75 *Ga. App.* 524, 534, 43 S. E. 2d 760), or to give them by a narrative reading of the petition (*McGee* v. *Bennett,* 72 *Ga. App.* 271, 273, 33 S. E. 2d 577), even though some of the contentions in either instance be unsupported by the evidence (*Armour & Company* v. *Roberts,* 63 *Ga. App.* 846, 847, 12 S. E. 2d 376)." *Moffett* v. *McCurry,* 84 *Ga. App.* 853, 858 (67 S. E. 2d 807). The excerpt from the charge complained of would not have been error even if there had been no evidence in support of such contention; however, in the present case there was evidence adduced that the defendant's truck had been parked where it was at least

partially across the sidewalk, and that the defendant's employee backed the truck from this parked position to the point of impact with the plaintiff.

3. In special ground 3 error is assigned on the following excerpt from the charge: "Now, gentlemen, if at this point in the case you determine that the defendant was not negligent you would cease your deliberations and return a verdict in favor of the defendant, but if you find that the defendant acting through his servant or agent was negligent in one or more of the particulars which I have read to you, you would look further and ascertain whether or not such negligence, if any there was, was the proximate cause of the injury and damage to the plaintiff. And I charge you, gentlemen, that if you find that the defendant was so negligent in some of these particulars read to you and that such negligence was the proximate cause of injury and damage to the plaintiff that the plaintiff would be entitled to recover in the case."

In support of the contention that such charge was reversible error the defendant relies on the recent Supreme Court decision in *Executive Committee of the Baptist Convention* v. *Ferguson*, 213 *Ga.* 441 (99 S. E. 2d 150), and the cases cited therein. In that case the jury was instructed with reference to the allegations of negligence contained in the plaintiff's petition, whereas here the charge limited the jury to the consideration of the allegations of negligence *read to the jury*. In that case one of the allegations of negligence had been stricken on demurrer; however, that allegation still *appeared* in the petition and had not been physically stricken from it. In the case sub judice, according to the record before this court, there had been no demurrer sustained to any allegation of negligence contained in such petition so as to require a finding that such allegation of negligence would not constitute a legal basis for a recovery.

The trial court *read* to the jury those allegations of negligence which remained in the case after the plaintiff, by amendment, struck some of the allegations of negligence, and after the trial court ruled out others, and the jury was instructed to consider only those allegations of negligence which had been *read to it* by the trial court. Therefore, this case is, as shown herein, distinguishable from those cases relied on by the defendant and the

charge complained of was not error for any reason assigned.

4. Special ground 4 alleges that the trial court erred in charging that the defendant denied the allegation of agency in the plaintiff's petition when there was no dispute as to the fact that the driver of the truck was the employee of the defendant and was operating such truck within the scope of his employment at the time the plaintiff allegedly received the injuries sued for.

While it is true that the defendant, when called for the purpose of cross-examination by the plaintiff, freely admitted that the driver of the truck was his employee and was acting within the scope of his employment at the time such truck struck the plaintiff, his answer was not so clear for he "denied as alleged" those paragraphs of the petition which would, if admitted, have bound him with the negligence of the driver of the truck. " 'A trial judge may, in his discretion (and at his peril), state, in his charge to the jury, that a certain fact which is admitted or wholly undisputed has been proved, but he is not required, even though so requested, to state to the jury that an issuable fact is true or has been sufficiently proved, even though it be undisputed in the evidence. The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed.' *Scott* v. *Valdosta &c. R. Co.*, 13 *Ga. App.* 65 (1) (78 S. E. 784) ; *New Ware Furniture Co.* v. *Reynolds,* 16 *Ga. App.* 19 (1a) (84 S. E. 491) ; *Elrod* v. *Chamblee,* 26 *Ga. App.* 703 (1) (106 S. E. 915) ; *Barbre* v. *Scott,* 75 *Ga. App.* 524, 535 (43 S. E. 2d 760) ; *Williams Bros. L. Co.* v. *Meisel,* 85 *Ga. App.* 72, 76 (68 S. E. 2d 384) ; *Sammons* v. *Webb,* 86 *Ga. App.* 382, 389 (71 S. E. 2d 832)." *Ballentine Motors of Ga.* v. *Nimmons,* 93 *Ga. App.* 708, 712 (92 S. E. 2d 714). Accordingly, this ground of motion for new trial is without merit.

5. Special ground 5 complains that the trial court erred in charging the jury on the right of the plaintiff to recover "reasonable medical expenses" arising from the incident since there was no evidence that the bills, introduced in evidence without objection, were *reasonable.*

The plaintiff, two physicians who treated him, and the plaintiff's employer testified with reference to these bills and the plaintiff and the two physicians testified as to the *treatment* furnished the plaintiff for which these bills were rendered, and al-

though no witness testified that it was his opinion that the bills were reasonable, the defendant, if he desired, could have cross-examined these witnesses as to the reasonableness of such medical expenses. "In a suit for a personal injury, where the nature and extent of the injury, the character of the treatment administered, the services rendered by physicians, and the amount paid therefor were fully proved, a charge to the effect that the plaintiff, if entitled to recover, would be entitled to recover such reasonable amount of physicians' bills and necessary expenses incurred in consequence of the injury as might have been proved to the satisfaction of the jury, was not without evidence to support it, although no witness expressed the opinion that the charges were reasonable." *Georgia Railway &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (8) (75 S. E. 664). See also *Southeastern Express Co.* v. *Chambers,* 33 *Ga. App.* 44 (125 S. E. 507), and *Georgia Power Co.* v. *Clark,* 69 *Ga. App.* 273, 278 (25 S. E. 2d 91). There is no merit in this assignment of error.

6. Special ground 6 complains of the following excerpt from the charge: "Now, gentlemen, that is the basis upon which you find reduced earning capacity if you find that the plaintiff will have reduced earning capacity extending into the future, *but* if you find that such disability will cease at some future date and is a temporary disability." (Italics ours). Immediately preceding this charge the jury was instructed as to how to arrive at the measure of damages for a temporary reduced earning capacity, and immediately after such charge the jury was instructed as to how it should arrive at this same item of damages if it found that the plaintiff had suffered a permanent loss of earning capacity to some extent.

From what has been said it is apparent that the italicized word in the above excerpt of the charge should have been followed by the word "only" or that in lieu of such word the word "and" should have been used, and that the use of the word "but" was at most a lapsus linguae, and could not have been misleading to the jury in view of the entire charge. "It is not to be presumed that the jury paid more attention to the incorrect charge than to the others; and if they paid equal attention to all, and understood all, they must have understood that the use of the word . . . in the charge complained of was a mere slip

of the tongue, and the defendant could not have been prejudiced by the incorrect charge." *Southern Ry. Co.* v. *Merritt*, 120 *Ga.* 409, 410 (47 S. E. 908). "A verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury, is not cause for a new trial." *Turner* v. *Elliott*, 127 *Ga.* 338 (4) (56 S. E. 434).

7. Special ground 7 complains of the following excerpt from the charge: "I charge you, gentlemen, if the evidence discloses to you that the plaintiff's employer or anyone else has advanced him any money during such period of time as a loan or as a gift, that whether or not you determine the plaintiff is obliged to repay the money, that you would not be authorized to deduct such moneys from any award made to him for lost earnings, unless an employer is legally bound by a contract under the law to make payments to an employee who is not working, if such appears from the evidence. Any sums advanced under any other terms would not be deducted from any sum awarded for lost earnings, if the jury finds that the plaintiff is entitled to recover for lost earnings."

There was uncontradicted evidence that the plaintiff's employer, who was not a party to the case, had paid the plaintiff's hospital bills and doctors' bills or had obligated himself to pay them, and had "furnished" the plaintiff with approximately $2,000 to live on between the time the plaintiff was struck by the defendant's truck and the trial. The defendant contends that under the testimony of the employer, that one reason he had done this was because the plaintiff was injured while working for him, he was entitled to have this money deducted from any damages which the jury might find the plaintiff was entitled to recover because of having been struck by his truck.

"The fact that a person other than the wrongdoer, as a mere gratuity, pays to one injured as the result of his negligence a sum of money equal to the amount he would have earned had he been able to work during the period of disability, will not mitigate the damages due by the wrongdoer to the injured party for lost time. The rule just stated is applicable though the person making the payment is the employer of the injured party." *Nashville, Chattanooga &c. Ry. Co.* v. *Miller*, 120 *Ga.* 453 (1, 2) (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210).

While it is true in the present case that the plaintiff was working for the person who had "furnished" him money on which to live, and that this was one reason that the employer had "furnished" him this money, there was no evidence that this money was anything other than a gratuity or a loan. Therefore there is no merit in this special ground of the motion for new trial.

8. Special ground 8 complains that the trial court charged the jury so as to confuse it as to "impaired ability to labor" and "impaired capacity to earn money," the first being an element of pain and suffering and the latter an item of recovery for a pecuniary loss resulting from a physical injury. See *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (146 S. E. 770).

The plaintiff sought a recovery for an "impaired capacity to earn money" and presented evidence to support this allegation of his petition (his earnings before the injury and his reduced earnings after the injury), and the charge complained of in this special ground of the motion for new trial instructed the jury as to how to arrive at this item of damages if it found that there had been a permanent reduction in the plaintiff's capacity to earn and not, as the defendant contends, a permanent impairment in his "ability to labor." This ground of the motion is without merit.

9. At the time the defendant filed its original motion for new trial on the usual general grounds he added an additional ground that the verdict was so "excessive as to show bias and prejudice of the jury." Inasmuch as the usual general grounds have already been passed on the question here presented is whether the "amount of the verdict for the plaintiff was authorized."

There was evidence, although all of it was not uncontradicted, that the plaintiff had suffered permanent injuries to his back and leg, that he was totally disabled for some 7 months, that his earnings were permanently reduced as a result of such injuries, that he spent approximately a week in the hospital when his leg was operated on as a result of the injuries received, and that both his back and leg continued to give him pain and would continue to give him pain in the future.

Under the decision of this court in *City of Commerce* v. *Bradford*, 94 *Ga. App.* 284, 291 (94 S. E. 2d 160), it cannot be said that the verdict of the jury finding for the plaintiff in the sum

of $25,000 was, as a matter of law, so excessive as to show bias and prejudice.

The judgment of the trial court denying the motion for new trial as amended was not error for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*