20538. COWART *et al.*, Administrators, *v.* JOHNSON *et al.*

HAWKINS, Justice. Mrs. Rita G. Cowart and John J. Gilbert, as administrators of the estate of D. C. Cowart, on March 14, 1958, filed a suit against Leonard C. Johnson and Mrs. Thelma J. Johnson, in Glynn Superior Court, to set aside and cancel certain deeds, and for other equitable relief. Count 1 of the petition alleges: the death of D. C. Cowart on December 25,

1956, the qualification by plaintiffs as administrators of his estate, and that, for some time prior to his death, said D. C. Cowart was the owner of Old Town lots Nos. 96 and 97 in the City of Brunswick, Glynn County, Georgia; that on November 26, 1956, he executed a conveyance to Leonard C. Johnson, conveying a portion of said property, which conveyance was subsequently recorded in the public records of Glynn County, Georgia; that, for several years prior to his death, D. C. Cowart was a confirmed alcoholic, and, on the date the above-mentioned conveyance was signed, he was under the influence of intoxicating liquor, which was well known by defendant Leonard C. Johnson, and that said D. C. Cowart's mind was so weakened by this influence that the execution of this conveyance was not a voluntary act; that, due to this intoxicated condition, D. C. Cowart was lacking in mental capacity at the time of the execution of said conveyance, was mentally and legally incompetent to execute the conveyance in question, and that defendant Leonard C. Johnson took advantage of this intoxicated condition to fraudulently gain his signature to said conveyance; that defendant Leonard C. Johnson conveyed the property he had fraudulently acquired to his wife, and codefendant, Thelma J. Johnson, by a conveyance duly recorded in the public records of Glynn County, Georgia, and at the time of this conveyance defendant Thelma J. Johnson had full, active, and complete knowledge of the circumstances under which her husband, defendant Leonard C. Johnson, had acquired the conveyance from said D. C. Cowart, and that she was not a bona fide purchaser, but took said conveyance from her said husband with the express knowledge that he had perpetrated a fraud upon D. C. Cowart. Plaintiffs further allege in count 1 that the $25 monthly rental which defendants had been paying D. C. Cowart had not been paid since the date of the conveyance from D. C. Cowart to Leonard C. Johnson, and this rent was due and owing; that demand therefor had been made on defendants, which demand had been refused, and that plaintiffs are without a full, complete, and adequate remedy at law.

Defendants answered count 1 by denying the allegation that D. C. Cowart was a confirmed alcoholic, and by denying that Leonard C. Johnson fraudulently took advantage of D. C. Cowart's intoxicated condition to gain his signature to said

conveyance. Defendant Thelma J. Johnson admitted that she was aware of the circumstances under which the conveyance was given, but denied that any fraud was perpetrated upon D. C. Cowart, and denied that he was lacking in mental capacity.

Count 2 of the petition incorporated therein the allegations of residence of defendants, the subsequent conveyance by Leonard C. Johnson to his wife of the property in question, the refusal of defendants to deliver up said property and pay rent to plaintiffs, even though demand had been made, and the allegation that plaintiffs were without an adequate remedy at law; and alleged that the $5,000 consideration specifically expressed in the conveyance from D. C. Cowart to Leonard C. Johnson had not been paid; that the consideration, therefore, wholly failed; that Thelma J. Johnson was aware of these circumstances, in that she knew no consideration had passed and that she was not a bona fide purchaser.

In answering count 2 of the petition, defendants admitted that the consideration expressed in said conveyance from D. C. Cowart to Leonard C. Johnson is $5,000, but denied that this was the true consideration for the conveyance. Defendants answered count 2 further by stating that the defendant Thelma J. Johnson is the daughter of J. B. Johnson, and that her mother was the sister of D. C. Cowart, making defendant Thelma J. Johnson the niece of D. C. Cowart; that for many years D. C. Cowart and the J. B. Johnsons lived together; that for many years J. B. Johnson worked for D. C. Cowart until his health became impaired and he was no longer able to work; that D. C. Cowart many times expressed a desire to give this property to J. B. Johnson; that, since J. B. Johnson's wife had died, he was living with defendants; and that J. B. Johnson requested D. C. Cowart to make the conveyance to defendants as they were taking care of him; that, for reasons of his own, D. C. Cowart expressed the consideration of said conveyance as being $5,000, when in fact, it was for the natural love and affection he felt towards said J. B. Johnson and in appreciation of the many years of faithful service rendered to him by said J. B. Johnson.

After hearing the evidence and charge of the court, the jury returned a verdict for defendants, which verdict was made the judgment of the court. Plaintiffs filed a motion for new trial, which as amended consisted of the usual general grounds,

290

and five special grounds numbered 4 through 8, which motion as amended was denied, and the exception is to that judgment. The general grounds of the motion for new trial have been expressly abandoned. The questions presented for determination by this court in the five special grounds are in connection with the charge of the court. *Held*:

1. Special grounds 4 and 5 of the motion for a new trial are based on the premise that the judge failed to charge the jury with respect to count 2 of the petition, which alleged that the expressed consideration of $5,000, recited in the deed, had never been paid, and for that reason the deed should be canceled, and the difference between these two grounds and ground 6 is that in the latter ground error is assigned on the charge as a whole, in that it did not cover the issue of failure of consideration raised by the pleadings and the evidence. The trial judge specifically charged the jury: That the plaintiffs "contend that they are the legal representatives of the deceased, D. C. Cowart, and that the defendants obtained a certain deed to particular tract of land described in the pleadings from D. C. Cowart, and that fraud was practiced on the said D. C. Cowart in obtaining that deed, and that the deed is not a valid deed; and they are asking that the deed be canceled as a conveyance; and that the other deed is a deed based on the original deed from one of the parties to the other party, his wife, with full knowledge of the facts, and asking that this deed be canceled also. I am not going to attempt to give you in minute detail the contentions of the plaintiffs, but I refer you to the pleadings to read and further familiarize yourselves with these contentions. These pleadings will be out with you, not as evidence in the case, but for the purpose of explaining the contentions of the parties. Now, an answer has been filed by the defendants and that answer sets out their contentions; they deny all the material allegations of the petition and contend that the deed from D. C. Cowart to Leonard C. Johnson was given bona fide, that no fraud was practiced, and that it is a legal binding title, and ask that the court declare both deeds to be legal deeds and decree that they be left on the record as such. I refer you to the answer of the defendants for their full contentions. You will have the petition and the answer out with you, as stated, for the purpose of explaining the contentions of the parties, but not as evidence." In *Philllips* v.

*Phillips*, 163 *Ga.* 899, 900 (6) (137 S. E. 561), this court held: "Where the court charged the jury that they would have the pleadings and could refer to them for more specific and detailed statement of the respective contentions of the parties, if the defendant desired a more specific statement by the court of his contentions it devolved upon him to make an appropriate request." To the same effect see *Batts* v. *Bedingfield,* 204 *Ga.* 160, 164 (7) (48 S. E. 2d 848). See also *Arrington* v. *Thompson,* 211 *Ga.* 734, 739 (3) (88 S. E. 2d 402), and cases there cited. Under these authorities, and the charge of the court as a whole, it was not error for the trial judge to overrule special grounds 4, 5, and 6 of the motion for new trial.

2. Special ground 7 complains that the court erred in failing to instruct the jury on the law applicable to the second count of the petition, the answer thereto, and the evidence thereon, without stating what law the judge failed to charge. This ground is without merit, since an assignment of error, in a ground of a motion for new trial, on the failure of the court to charge "the law applicable" to a given subject, which does not set forth the applicable law which it is contended should have been charged, is too vague and indefinite to present any question for decision. *Brown* v. *State,* 208 *Ga.* 304, 308 (3) (66 S. E. 2d 745); *Ehrlich* v. *Mills,* 203 *Ga.* 600, 601 (3) (48 S. E. 2d 107); *Elliott* v. *Robinson,* 198 *Ga.* 811, 812 (5) (33 S. E. 2d 95); *Bryant* v. *State,* 88 *Ga. App.* 208 (3) (76 S. E. 2d 446).

3. Special ground 8 complains that the court erred in giving the following charge to the jury: "Further, ladies and gentlemen, in a suit instituted by the administrators the defendant is an incompetent witness in his own behalf concerning transactions or communications with the deceased, whether such transactions or communications were had by the deceased person or with the parties or other persons. That is a principle of law." It is contended that such charge was erroneous and injurious to plaintiffs, and was not sound as an abstract principle of law in that it authorized the jury to believe that the defendants could not take the witness stand and testify, even though the record indicates that the plaintiffs called one of the defendants, Leonard C. Johnson, for the purpose of cross-examination, questioned him at length about his conversations and transactions with the deceased, and thereby

waived any right that plaintiffs may have had to object to defendants testifying as to the transactions and conversations with the deceased. It is further contended that such charge was erroneous and injurious to plaintiffs because it authorized the jury to believe that the defendants were not authorized to take the witness stand and explain the entire transaction with the deceased, D. C. Cowart, when in fact plaintiffs had intentionally waived this right by calling defendant Leonard C. Johnson for the purpose of cross-examination. Conceding, but not deciding, that plaintiffs could waive the provisions of Code § 38-1603 (1) with respect to defendant Leonard C. Johnson, by calling him for the purpose of cross-examination (*Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138, 142 (2) 33 S. E. 945), and questioning him at length about his conversations and transactions with the deceased—which testimony was not objected to—this would not authorize the defendant Mrs. Thelma J. Johnson "to take the witness stand and explain the entire transaction with the deceased, D. C. Cowart." The charge as given is a correct principle of law as enunciated in Code § 38-1603 (1), *Ferrell* v. *Wight*, 187 *Ga.* 360 (3) (200 S. E. 271), *Fuller* v. *Fuller*, 213 *Ga.* 103, 105 (97 S. E. 2d 306), *Matthews* v. *Blanos*, 201 *Ga.* 549 (3) (40 S. E. 2d 715), and certainly applicable to the defendant Mrs. Thelma J. Johnson, who was not called by the plaintiffs for the purpose of cross-examination. "When a charge of the court states a correct principle of law applicable to the pleadings and the evidence, the judge, in the absence of a timely written request, is not required to further amplify or make application of the law dealt with." *Daniel* v. *Etheredge*, 198 *Ga.* 191 (10) (31 S. E. 2d 181). Accordingly, the trial judge did not err in overruling this ground of the motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1959—DECIDED SEPTEMBER 11, 1959.

*Bennett, Gilbert, Gilbert & Whittle, Wallace E. Harrell*, for plaintiffs in error.

*G. B. Cowart*, contra.