39661. DRUM v. SHIREY.

DECIDED SEPTEMBER 18, 1962—REHEARING DENIED OCTOBER 3, 1962.

*Max R. McGlamry*, for plaintiff in error.

*Kelly, Champion & Henson, Forrest L. Champion, Jr., J. B. Peavy, Roy D. Moultrie*, contra.

NICHOLS, Presiding Judge. ■ Special ground 1 of the amended motion for new trial complains of an excerpt from the court's charge wherein the court was instructing the jury as to the plaintiff's contentions, and special ground 2 assigns error on the failure of the trial court to charge, without request, on the defendant's contentions.

An examination of the charge as a whole shows that the trial court fairly instructed the jury as to the law applicable to the issues in the case. The defendant's answer, while alleging that the death of the plaintiff's son was caused by his suddenly darting into the roadway, and was an unavoidable accident, was no more than a denial of the allegations of the petition. "In *Phillips v. Phillips,* 163 Ga. 899, 900 (6) (137 SE 561), this court held: 'Where the court charged the jury that they would have the pleadings and could refer to them for more specific and detailed statement of the respective contentions of the parties, if the defendant desired a more specific statement by the court of his contentions it devolved upon him to make an appropriate request.' " *Cowart v. Johnson,* 215 Ga. 287, 291 (110 SE2d 363). When the complete charge is examined it cannot be said that the trial court erred in failing to charge more fully as to the defendant's contentions or that the instructions as to the plaintiff's contentions were unduly stressed. The trial court

instructed the jury: "You will have the pleadings out with you. You can go into more detail. You can refer to them at any time you see fit in order to ascertain the contentions of the parties." No error is shown by either of these special grounds.

■ Special ground 3 complains that the trial court erred in charging a Code section in accordance with his request. The defendant requested the charge and he cannot complain, even assuming, but not deciding, that the charge was error. See *Carroll v. Hayes,* 98 Ga. App. 450, 451 (105 SE2d 755), and citations.

■ Special ground 4 complains that the trial court erred in refusing to charge a timely written request in the exact language requested. The request to charge contained three paragraphs of which the first two were charged. The third paragraph of the requested charge was a statement of fact. " 'A trial judge may, in his discretion (and at his peril), state, in his charge to the jury, that a certain fact which is admitted or wholly undisputed has been proved, but he is not required, even though so requested, to state to the jury that an issuable fact is true or has been sufficiently proved, even though it be undisputed in the evidence. The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed.' *Scott v. Valdosta &c. R. Co.,* 13 Ga. App. 65 (1) (78 SE 784)." *Ballentine Motors v. Nimmons,* 93 Ga. App. 708, 712 (92 SE2d 714), and cases cited. This ground of the motion for new trial is without merit.

■ Special ground 5 assigns error on the charge dealing with "last clear chance."

The first assignment of error on such charge complains because the court did not also charge the definition of "last clear chance." The charge complained of was correct as an abstract principle of law. "An excerpt from the charge of the trial court which is correct in itself is not rendered erroneous because some other correct principle of law is not included therein or added thereto. In such a case the motion for a new trial should assign error on the failure of the court to charge the other principle of law involved and not on the charge given." *Cowart v. Gunn,* 90 Ga. App. 680, 684 (83 SE2d 832), and citations.

Error is also assigned on such excerpt from the charge on the ground that there was no evidence to authorize it. Under the evidence in the case most favorable to the plaintiff on the issue of when the defendant knew of the perilous situation of the plaintiff's son and would have reason to realize his helpless condition, the charge on last clear chance was authorized. See *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858, 859 (120 SE2d 907; and *Christian v. Smith,* 78 Ga. App. 603, supra. No error is shown and this ground of the motion for new trial is without merit.

■ Special ground 6 complains that the trial court erred in failing to charge, without request, on a principle of law which was not raised by the pleadings. "In order for it to be reversible error to fail to charge on a contention of one of the parties in the absence of a timely written request, the issue must be raised in the pleadings and be supported by the evidence. See *Turner v. Turner,* 186 Ga. 223, 224 (197 SE 771, 116 ALR 1396), and citations." *Warwick Long Leaf Co. v. Zorn,* 95 Ga. App. 344, 345 (98 SE2d 62). No error is shown by this ground of the motion for new trial.

■ Special ground 7 complains of an excerpt from the charge wherein the court instructed the jury in the same language approved in *Christian v. Smith,* 78 Ga. App. 603, supra. This charge was not error and the charge elsewhere fully covered the defendant's contentions as to accident.

■ Special ground 10 complains of the admission of evidence with reference to the reasonableness of certain expenses incurred by the plaintiff for medical care and funeral expenses of his son, and special ground 11 complains of the court's instruction that, if the plaintiff was entitled to recover, he was entitled to recover the reasonable expenses of medical care, etc.

The complaint as to the admission of evidence was that the plaintiff should be required to testify as to what investigation he made to determine that the charges were reasonable and that the plaintiff was not qualified to state the reasonable prices for the services rendered. The motion for new trial shows that such objection was overruled, but thereafter the plaintiff did testify as to the investigation he made, and if the defendant desired

he could have cross-examined the plaintiff further as to such investigation. The charge complained of was authorized by the evidence. See *Limbert v. Bishop*, 96 Ga. App. 652, 655 (101 SE2d 148), and citations. No error is shown by either of these grounds of the motion for new trial.

■ Special ground 12 which assigns error on the whole charge is without merit, for as has been said: " 'An exception to an entire charge is not good unless the whole charge is subject to such exception.' *Callahan v. State*, 209 Ga. 211 (5) (71 SE2d 86), and citations." *Brown v. Carmanni*, 100 Ga. App. 116, 121 (110 SE2d 543). The entire charge was not subject to the criticism made.

■ Special grounds 8 and 9, which complain that the verdict was excessive, will be considered together with the usual general grounds of the motion for new trial.

There was evidence that the defendant saw the plaintiff's son when he was over 500 feet away, that the four and one-half year old child was standing alongside the road at its intersection with a side road, that the defendant slowed down his speed from approximately 50 miles per hour to approximately 30 miles per hour but did not have his automobile under control, for when he attempted to turn to the side the automobile continued to move straight ahead until after it had struck the child. The verdict for the plaintiff was authorized. See *Christian v. Smith*, 78 Ga. App. 603, supra, where it is shown that the sudden appearance doctrine, involved in cases where a child suddenly appears from behind some obstacle and runs into the path of the vehicle giving the operator no opportunity to anticipate and guard against it, does not apply to the present case and that the duty owed a four year old child is greater than that owed a normal adult.

"If liability for the death of a minor child is shown, the father, who is entitled to the services of his minor child, may recover for the loss of such services, upon proof that the child was possessed of ability and capacity to render valuable services; and it is not necessary to show that the child actually rendered such services." *Southern R. Co. v. Jarrett*, 20 Ga. App. 648 (2) (93 SE 240). "If the child was capable of rendering services of value

704

at the time of the homicide, the plaintiff could maintain an action for loss of its services during the remainder of its minority. *James v. Central of Ga. R. Co.*, 138 Ga. 415 (75 SE 431, 41 LRA (NS) 795, 29 AC (1913D) 468). Having the right to sue, the jury might also take into consideration the probable future increase of earning capacity of the child." *Central of Ga. R. Co. v. James*, 143 Ga. 753 (3) (85 SE 920). There was evidence introduced whereby the jury would have been authorized to determine that the plaintiff's son was capable of rendering valuable services, and under the above quoted authorities the jury was authorized to find that the value of such earning capacity would increase. The verdict was not excessive, and the trial court did not err in overruling the defendant's amended motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*