41156. PRICE et al. v. STATE HIGHWAY DEPARTMENT.

RUSSELL, Judge. ■ The court is never required, even as to a fact uncontradicted and undisputed, to instruct the jury that such fact exists. "The better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted." *Scott v. Valdosta, Moultrie &c. R. Co.,* 13 Ga. App. 65 (1) (78 SE 784); *New Ware Furniture Co. v. Reynolds,* 16 Ga. App. 19 (1a) (84 SE 491); *Ballentine Motors of Ga. v. Nimmons,* 93 Ga. App. 708, 712 (92 SE2d 714); *Limbert v. Bishop,* 96 Ga. App. 652, 655 (101 SE2d 148); *Drum v. Shirey,* 106 Ga. App. 699, 701 (128 SE2d 92). An instruction to the jury in a condemnation case

that "if you find as a matter of fact that the property in question had the right of ingress and egress to and from the South Expressway, and that this right was taken by the State Highway Department, you would assess the damages to be awarded the condemnee giving consideration to the right of ingress and egress," is not error for the assigned reason that it left the issue of whether there was a right of ingress and egress for jury determination when this fact had been established by uncontradicted evidence.

■ Where land which is the subject of a condemnation proceeding does not abut a public highway but has an easement of passage to such highway which passes with the land, it is not ground for reversal that the condemnor fails to offer evidence particularly establishing the value of such easement, the evidence being undisputed that the right of passage is appurtenant to the land taken.

■ In a condemnation case a verdict which is within the range of the evidence is not subject to being set aside as excessive. *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (127 SE2d 501); *State Hwy. Dept. v. Alexander,* 105 Ga. App. 738 (125 SE2d 537).

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

DECIDED MARCH 1, 1965.

*Kemp & Watson, John L. Watson, Jr.,* for plaintiffs in error.
*Eugene Cook, Attorney General, Richard L. Chambers, Horace E. Campbell, Jr., Assistant Attorneys General, John R. McCannon,* contra.